The question in this employment-termination case is whether plaintiff-appellant Matthew Reasoner was an at-will employee for defendant-appellee Bill Woeste Chevrolet, Inc. (Woeste). Employment at will is a bedrock of Ohio law. The presumption is that all employment is at will.[1] We hold that Reasoner was such an employee as a matter of law and, therefore, affirm the trial court.
 I. BACKGROUND
Before working for Woeste, Reasoner worked for an automobile dealership in Dayton, Ohio. He left that dealership and accepted a general-manager position with Woeste after negotiating a compensation package with Woeste's operations manager, Chris Hahn. That package provided that Reasoner would receive $10,000 per month, with a $2,000 bonus for the first two months, plus a commission based on the profits of the dealership. Reasoner and Hahn also discussed the commissions that Reasoner would earn after a year and agreed that Reasoner would get a higher commission if the dealership were profitable.
Reasoner claims that he decided, in part, to leave the dealership in Dayton, which involved a higher-paying job, because Hahn informed him that his job at Woeste would be secure as long as he performed his job duties. He also claims that Hahn assured him that his job would be secure even if he and Bill Woeste, the principal shareholder of the company, did not get along. Based on these representations, as well as on the discussions regarding commissions after a year, Reasoner believed that he had at least a one-year employment contract with Woeste.
Reasoner was given an employee handbook on his first day at Woeste that specifically stated that the company could "terminate [his] employment at any time for any legitimate reason." Reasoner signed a receipt that acknowledged that he had read and understood the handbook. The receipt also stated that the company had the right to terminate his employment at any time.
Reasoner claims that, at Woeste, he successfully performed his job duties and increased profits. He worked closely with Hahn, who periodically praised his work. But Reasoner apparently did not get along as well with Mr. Woeste.
About three months after Reasoner began working at Woeste, Hahn decided to leave the company. Shortly after Hahn announced that he was leaving, Reasoner was terminated. Reasoner brought suit against Woeste. He claimed that the company had breached express and implied employment contracts. He also asserted that, under the doctrine of promissory estoppel, he had been guaranteed an income for at least one year. The trial court entered summary judgment for Woeste. The court held that Reasoner was an at-will employee and, thus, that Woeste had a right to discharge him without cause.
Reasoner now appeals the trial court's entry of summary judgment.[2] In his sole assignment of error, he asserts that the court erred because it incorrectly concluded that he was an at-will employee. A summary-judgment motion shall be granted if the court, viewing the evidence in the light most favorable to the nonmoving party, determines that no genuine issue of material fact remains to be litigated.[3] Applying that standard, we reject Reasoner's assignment and hold that the court properly granted summary judgment.
 II. REASONER'S AFFIDAVIT
To begin, we note that Reasoner submitted to the trial court his own affidavit to support his memorandum against summary judgment. In that affidavit, he detailed the representations that Hahn had made to him about job security, and he explained his belief that he had at least a one-year employment term with Woeste. But the trial court did not consider those portions of the affidavit. The court concluded that those portions were contradicted by Reasoner's earlier interrogatory answers and deposition testimony, where he admitted that he was never specifically promised any definite period of employment. It is true that a nonmoving party "cannot defeat a motion for summary judgment by submitting an affidavit which, without explanation, directly contradicts his or her previous deposition testimony."[4] But, here, we conclude that there was no such contradiction. In Reasoner's affidavit, he did not deny that he was never specifically promised a definite term of employment. He only asserted that Hahn made representations to him about job security and that he believed he was employed for a specific period of time. Thus, the trial court should have considered the affidavit.
But, even with that evidence, we still do not believe there is a genuine issue of material fact concerning Reasoner's claims. In general, the employment-at-will doctrine provides that "the employment relationship between employer and employee is terminable at the will of either; thus, an employee is subject to discharge by an employer at any time, even without cause."[5] The Ohio Supreme Court, however, has recognized two exceptions to the at-will doctrine: (1) express or implied contracts that alter the terms of the at-will relationship, and (2) promissory estoppel.[6] Neither of these exceptions applies here. (There are also public-policy exceptions that are not relevant to this case.[7])
 III. EXPRESS AND IMPLIED CONTRACTS
Under the first exception to the at-will doctrine, there must be either an express or an implied contract to overcome the presumption of an at-will relationship. There must be specific evidence to show that the parties mutually assented to something other than at-will employment.[8] This court has stated that general statements of praise will not be sufficient: "[one's] subjective interpretation of praise given for his work, leading to a personal but objectively unfounded sense of job security, cannot alter in law the at-will nature of his job status."[9] Here, Reasoner received no specific promises of a definite term of employment. No express contract existed to alter his at-will status. As for an implied contract, Woeste's employee handbook specifically provided that he was an at-will employee. So we must look to sources other than the handbook to determine if an implied contract existed.[10] Reasoner argues that his compensation negotiations with Hahn, as well as the representations of job security if he successfully performed his job, were evidence that there was an implied contract. But we hold that, although these things may have subjectively led Reasoner to believe that he was not an at-will employee, there is no evidence that the parties mutually assented to something other than an at-will relationship. There was no implied contract.
We note that Reasoner cites Wright v. Honda of America Mfg,Inc. in support of his position. In that Ohio Supreme Court case, a plurality opinion detailed factors that triers of fact may consider to determine whether an implied contract exists. Those factors included information in employee handbooks, oral representations by supervisory personnel that employees have been promised job security in exchange for good performance, and written assurances reflecting company policy.[11] But we do not believe that all those factors should be considered. First, those factors are not set forth in the syllabus of the Wright
opinion. Also, the Wright opinion is only a plurality — three justices concurred in one opinion, another three justices concurred only in the syllabus and judgment, specifically disapproving of the language in question, and one justice dissented completely. We agree with appellate courts that have subsequently held that the plurality opinion in Wright is not law.[12]
In Wright, Justice Pfeifer, in a concurrence joined by two other justices, stressed that he did not believe that the factors cited by the plurality could overcome the at-will presumption:
 Corporate cheerleading calculated to build an "espirit de corporation" is a motivational device designed to increase productivity by making workers feel as though they are an important part of a team. A corporate desire to make employees feel appreciated does not transform those employees into something other than at-will employees. Therefore, inspirational orientation remarks, employee handbook platitudes, bright-eyed promotion letters, and complimentary progress reports, all lacking any direct promise of continued employment, do not imply a contract between an employer and an employee.[13]
We agree with Justice Pfeifer. If courts were to consider the factors cited by the Wright plurality to overcome the at-will presumption, that would create a very slippery slope. In this particular case, though, an implied contract would not exist even if the factors cited by the Wright plurality were considered.
 IV. PROMISSORY ESTOPPEL
Under the second exception to the at-will doctrine, promissory estoppel may alter an at-will relationship. For promissory estoppel to apply, there must be a clear, unambiguous promise of employment by the employer, and the employee must reasonably rely on that promise. The test is "whether the employer should have reasonably expected its representation to be relied upon by the employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee."[14] If there is a promise of future benefits or opportunities, but not a specific promise of continued employment, then the promissory-estoppel exception will not apply.[15]
Here, according to Reasoner, Hahn did make representations regarding job security, and Reasoner and Hahn discussed Reasoner's potential commissions after a year at Woeste. But although Reasoner may have left his higher-paying job in Dayton by detrimentally relying on what he believed were representations of a definite term of employment, that reliance was not reasonable because there was never a clear, unambiguous promise of continued employment. These generalized references to the future are not sufficient to overcome the strong presumption of at-will employment. There is no genuine issue of material fact regarding promissory estoppel.
Therefore, we overrule Reasoner's assignment and affirm the judgment of the trial court.
Judgment affirmed.
GORMAN, P.J., and SHANNON, J., concur.
RAYMOND E. SHANNON, retired, of the First Appellate District, sitting by assignment.
Please Note:
The court has recorded its own entry on the date of the release of this Opinion.
[1] Henkel v. Educational Research Council of America (1976),45 Ohio St.2d 249, 253, 344 N.E.2d 118, 122 ("strong presumption in favor of a contract terminable at will").
[2] We have sua sponte removed this case from the accelerated calendar.
[3] Civ.R. 56(C).
[4] Pain Ents., Inc. v. Wessling (Mar. 22, 1995), Hamilton App. No. C-930888, unreported.
[5] Wright v. Honda of America Mfg., Inc. (1995), 73 Ohio St.3d 571,574, 653 N.E.2d 381, 384.
[6] Mers v. Dispatch Printing Co. (1985), 19 Ohio St.3d 100,483 N.E.2d 150, paragraphs two and three of the syllabus.
[7] See, e.g., Greeley v. Miami Valley Maintenance Contrs., Inc.
(1990), 49 Ohio St.3d 228, 551 N.E.2d 981; Chapman v. ADIAServ., Inc. (1997), 116 Ohio App.3d 534, 688 N.E.2d 604
(employee can not be fired solely for consulting an attorney).
[8] Weiper v. W.A. Hill Assoc. (1995), 104 Ohio App.3d 250, 258,661 N.E.2d 796, 801.
[9] Id.
[10] See Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph one of the syllabus ("[a]bsent fraud in the inducement, a disclaimer in an employee handbook stating that employment is at will precludes an employment contract other than at will based upon the terms of the employee handbook"); Atkinson v. Internatl. Technegroup, Inc.
(1995), 106 Ohio App.3d 349, 361, 666 N.E.2d 257, 265-266
(there can be an implied contract even if an employee handbook states that employment is at will).
[11] Wright, supra, at 575, 653 N.E.2d at 384.
[12] Vasilo v. KMart Corp. (Jan. 26, 1998), Stark App. No. 1997 CA 00260 (agreeing that Wright does not modify the at-will doctrine); Anders v. Specialty Chem. Resources, Inc. (1997),121 Ohio App.3d 348, 352, 700 N.E.2d 39, 42 (stating thatWright is limited to the facts of that case).
[13] Wright, supra, at 577-578, 653 N.E.2d at 386.
[14] Mers, supra, paragraph three of the syllabus.
[15] Wing, supra, paragraph two of the syllabus.