[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Joseph C. Mueller sued appellee Professional Computer Consultants, Inc. (PCC), alleging breach of contract, detrimental reliance, and fraud. Mueller's claims arose from his employment termination. In his sole assignment of error, Mueller now challenges the trial court's entry of summary judgment in favor of PCC. Summary judgment is properly awarded if there is no genuine issue of material fact, the movant is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party.[1]
Dennis and Kathy Gamble are, respectively, president and vice-president of PCC. Following a dinner meeting with Mueller and his wife, the Gambles offered Mueller a position with the company, which he accepted. During that meeting, the couples had discussed Mueller's title, salary, vacation time, benefits, and bonuses. Dennis explained how he would like PCC to expand in two to four years and discussed his expectations of Mueller "three to four years down the road." Mueller informed the Gambles that it would take three to four years to build relationships with clients that would be beneficial to PCC in the future. The next morning Dennis brought a written temporary contract to Mueller, which Dennis and Mueller signed. It did not specify a duration, and indicated that certain matters would be clarified and that a noncompete clause would be inserted in a superseding contract.
A final contract was signed soon after Mueller began employment with PCC. A five-year noncompete clause contained in the contract created a matter of contention. In response, Mueller negotiated provisions where, if the company were merged, sold, or acquired, PCC's management would either negotiate a position for Mueller or, if that were not possible, it would determine his compensation. Another provision gave Mueller first option to participate in ownership of PCC if ownership were opened to employees. Although he did not like the noncompete provision, Mueller reluctantly signed the contract. He believed the contract contained all the agreed-to terms. The final contract did not contain any provision concerning the duration of Mueller's employment. PCC terminated Mueller's employment nine months later.
Mueller believed that he had a three-year employment contract with PCC because he had been hired to "grow" the company, and because he had told the Gambles that it would take two to four years to do so. But a strong presumption exists that an employment contract is terminable at will.[2]
This presumption may be overcome only by an express or implied contract demonstrating "that the parties mutually assented to something other than at-will employment"[3] or by promissory estoppel.[4]
Mueller's claim that his employment was for a specific term was based upon oral representations not included in the parties' written contract. We conclude, however, that the statements on which Mueller relied did not create an implied contract for a specific term. The evidence that PCC wanted to expand its operations within a two-to-five-year period and that Mueller believed that he needed two to four years to develop a client base did not clearly manifest an intent by the parties to bind each other to a three-year employment contract. At most, the statements were expressions of the future aspirations of PCC and a warning from Mueller that his part in the attainment of such aspirations would take time. Thus, although Mueller may have subjectively believed that he had a three-year employment contract, the record fails to show a mutual assent to modify Mueller's at-will employment.
Mueller also raised a claim of promissory estoppel, contending that he had detrimentally relied on PCC's promise of three-year employment. That claim depended on the same statements that formed the basis of his breach-of-contract claim. "For promissory estoppel to apply there must be a clear, unambiguous promise of employment by the employer, and the employee must reasonably rely on the promise. * * * If there is a promise of future benefits or opportunities, but not a specific promise of continued employment, then the promissory estoppel exception will not apply."[5] Mueller's reliance was not reasonable because there was no clear, unambiguous promise of a three-year employment term. At most there were generalizations about future aspirations.[6] We conclude that the statements by Dennis and Mueller did not create a genuine issue of material fact as to whether Mueller's at-will contract had been modified to one of a three-year duration.
Mueller's last claim was fraud. Like promissory estoppel, fraud requires proof of justifiable reliance. Because Dennis's allegedly fraudulent statement was not a promise of continued employment, Mueller was not justified in relying on it as such. Thus, we conclude that Mueller failed to raise any genuine issue of material fact regarding his fraud claim.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Gorman, JJ.
[1] See State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589, 639 N.E.2d 1189, 1192.
[2] See Henkel v. Educational Research Council of America (1976),45 Ohio St.2d 249, 344 N.E.2d 118.
[3] See Reasoner v. Bill Woeste Chevrolet, Inc. (1999),134 Ohio App.3d 196, 200, 730 N.E.2d 992, 995.
[4] See id. at 200, 730 N.E.2d at 994, citing Mers v. Dispatch PrintingCo. (1985), 19 Ohio St.3d 100, 483 N.E.2d 150, paragraphs two and three of the syllabus.
[5] See id. at 202, 730 N.E.2d at 996.
[6] See Daup v. Tower Cellular, Inc. (2000), 136 Ohio App.3d 555,562-563, 737 N.E.2d 128, 133-134, and cases cited therein.