**Gary GUNTHORPE, Plaintiff–Appellant,**

v.

**DAIMLERCHRYSLER CORPORATION and Carl Kraft, Defendants–Appellees.**

No. 02–3840.

United States Court of Appeals, Sixth Circuit.

Feb. 3, 2004.

David R. Pheils, Jr., Pheils & Wisniewski, Rahn M. Huffstutler, Huffstutler & Associates, Perrysburg, OH, for Plaintiff–Appellant.

John T. Landwehr, Eastman & Smith, Toledo, OH, for Defendant–Appellee.

Before SILER and GILMAN, Circuit Judges; and BUNNING, District Judge.*

PER CURIAM.

Plaintiff Gary Gunthorpe appeals the grant of summary judgment to Defendants DaimlerChrysler Corporation ("Daimler-Chrysler") and Carl Kraft, which disposed of claims arising from the termination of his employment. For the reasons stated hereafter, we **REVERSE** the grant of summary judgment as to Gunthorpe's age discrimination claim and **REMAND** for further proceedings, but **AFFIRM** as to his remaining claims.

## BACKGROUND

Gunthorpe began working for Daimler-Chrysler in 1995. Although originally employed as a tool engineer at the Dayton plant, he applied for the maintenance area supervisor position at the Toledo assembly plant. During his interview for the position, he learned that he was a possible replacement for Gary Werdehoff. Gunthorpe told the interviewers that he did not want to be considered for the position unless he was assured that he would be the maintenance area supervisor at DaimlerChrysler's new Stickney Avenue plant. He also informed the interviewers that he expected to remain with DaimlerChrysler for another 12 to 15 years. Gunthorpe accepted the position and began work in 1998.

Gunthorpe's supervisor at the Toledo plant was Carl Kraft. After Kraft ob-

served that Gunthorpe did not display the technical skills required for the position, Gunthorpe was transferred to the Toledo plant's production department to work in the position of first shift production supervisor under the supervision of product manager Steve Czerniak. At the conclusion of Gunthorpe's performance appraisal, he received negative evaluations and was terminated on April 14, 2000, when he was 52 years old. Cynthia Nowak, the 32 year-old second shift production supervisor, assumed Gunthorpe's position as first shift production supervisor.

Gunthorpe filed suit against Daimler-Chrysler and Kraft, alleging that in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, DaimlerChrysler unlawfully discriminated against him on the basis of age. He also alleged state law claims of promissory estoppel, fraud, and tortious interference with contract. The district court granted summary judgment because Gunthorpe failed to establish, *inter alia*, a prima facie case of age discrimination.

## DISCUSSION

This court reviews a grant of summary judgment *de novo*. *Lautermilch v. Findlay City Schools*, 314 F.3d 271, 274 (6th Cir.2003). "Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* at 274. We must view all evidence in the light most favorable to Gunthorpe. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The ADEA precludes employers from discharging any employee because of age.

* The Honorable David L. Bunning, United States District Judge for the Eastern District of Kentucky, sitting by designation.

29 U.S.C. § 623(a)(1). This circuit adheres to the burden-shifting paradigm of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), "which requires a plaintiff first to establish a prima facie case of discrimination." *Policastro v. Northwest Airlines, Inc.,* 297 F.3d 535, 538 (6th Cir.2002). For Gunthorpe to establish a prima facie case, he must demonstrate that (1) he was 40 years of age or older at the time of the alleged discrimination; (2) he was subjected to an adverse employment action; (3) he was otherwise qualified for the position; and (4) he was replaced by a substantially younger applicant. *Burzynski v. Cohen,* 264 F.3d 611, 622 (6th Cir.2001). If Gunthorpe successfully evinces a prima facie case, "the burden of production shifts to [DaimlerChrysler] to articulate a non-discriminatory reason for its action." *Id.* at 622. Should DaimlerChrysler tender a nondiscriminatory justification, Gunthorpe "must then demonstrate by a preponderance of the evidence that [DaimlerChrysler's] proffered reason was a pretext for age discrimination." *Id.* Gunthorpe may illustrate pretext "by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate [Daimler-Chrysler's] challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Hopson v. DaimlerChrysler Corp.,* 306 F.3d 427, 434 (6th Cir.2002) (quoting *Dews v. A.B. Dick Co.,* 231 F.3d 1016, 1021 (6th Cir.2000) (citation omitted)).

■ Gunthorpe clearly satisfied the first and second prongs of a prima facie case, as he was 52 years old on the date of his termination. Moreover, Nowak replaced Gunthorpe. *See Bush,* 161 F.3d at 368 (fourth prong satisfied when 48 year-old employee replaced by 32 year-old employee). As for the third prong, we have concluded that "to be considered qualified for a position an employee must demonstrate that he or she was meeting the employer's legitimate expectations and was perform-

ing to the employer's satisfaction." *Dews,* 231 F.3d at 1022. Gunthorpe asserts that he was so doing since he consistently outperformed Nowak when he worked first shift and she worked second shift.

■ Because we must view the evidence and draw all inferences in the light most favorable to Gunthorpe, it is apparent that he has presented sufficient evidence that he was otherwise qualified. The record contains insufficient proof for us to conclude that he was unqualified. *See Wexler v. White's Furniture, Inc.,* 317 F.3d 564, 575 (6th Cir.2003). At the prima facie stage, we must focus on Gunthorpe's objective qualifications. DaimlerChrysler's subjective evaluations of Gunthorpe's poor performance are inconsistent with his performance records as first shift production supervisor. When Gunthorpe worked first shift and Nowak worked second shift he often outperformed her. There are genuine issues of material fact as to whether Gunthorpe was otherwise qualified for the position and as to whether DaimlerChrysler's proffered reason for his termination was pretextual. *See Hopson,* 306 F.3d at 434.

DaimlerChrysler contends that its legitimate, nondiscriminatory reason for Gunthorpe's termination is that he was not otherwise qualified for the position. This court, however, cannot consider such a reason at the prima facie stage. *Wexler,* 317 F.3d at 574. The only nondiscriminatory reason DaimlerChrysler offers is that Gunthorpe failed to meet the requirements to succeed in his position. Although poor work performance has been held to be a nondiscriminatory reason for termination, *Danielson v. City of Lorain,* 938 F.2d 681, 683–84 (6th Cir.1991), we must examine whether Gunthorpe was meeting DaimlerChrysler's legitimate expectations independent of its proffered nondiscriminatory

reason. *Cline v. Catholic Diocese of Toledo,* 206 F.3d 651, 661–63 (6th Cir.2000).

Having determined that genuine issues of material fact exist as to Gunthorpe's age discrimination claim, we find that summary judgment was inappropriate and thus reverse the district court. The matter is remanded so that Gunthorpe may make a case before a trier of fact.

■ Gunthorpe further insists that promissory estoppel applies because two DaimlerChrysler employees, in their interview reports, memorialized his expectation to be employed as maintenance area supervisor for another 12 to 15 years at the new plant. Although employment-at-will is presumed, *Reasoner v. Bill Woeste Chevrolet, Inc.,* 134 Ohio App.3d 196, 730 N.E.2d 992, 993 (1999), promissory estoppel is one of two exceptions to the employment-at-will doctrine. *Rigby v. Falls Equip. Co., Inc.,* 150 Ohio App.3d 155, 779 N.E.2d 1056, 1060 (2002). A clear and unambiguous promise is an indispensable element of promissory estoppel. *Id.* at 1061 (quoting *Healey v. Republic Powdered Metals, Inc.,* 85 Ohio App.3d 281, 619 N.E.2d 1035 (1992)). There is no evidence that Gunthorpe was promised continued employment at the new plant. Although Gunthorpe expected to work at the new plant, his subjective expectations are irrelevant as to whether he was promised continued employment. Moreover, he was never told that he would have employment until he retired. Summary judgment was therefore appropriate on this issue. *Wing v. Anchor Medical, Ltd. of Texas,* 59 Ohio St.3d 108, 570 N.E.2d 1095, 1099 (1991).

■ Gunthorpe next alleges that DaimlerChrysler fraudulently hired him because it never intended to keep him in the maintenance area supervisor position. There is no evidence that DaimlerChrysler hired Gunthorpe as maintenance area supervisor solely for the purpose of later terminating him. Gunthorpe also fails to produce any evidence that DaimlerChrysler intentionally and falsely represented to him at the time he was promised employment that he would replace Werdehoff. *Wall v. Firelands Radiology, Inc.,* 106 Ohio App.3d 313, 666 N.E.2d 235, 243 (1995). Summary judgment was therefore also appropriate on this issue.

■ Gunthorpe lastly argues that Kraft tortiously interfered with the contractual relations between him and DaimlerChrysler. The other exception to the employment-at-will doctrine is whether an express or implied contract altered the terms of the at-will relationship. *Reasoner,* 730 N.E.2d at 994. Because Gunthorpe failed to produce any evidence of a specific promise of a definite term of employment, no express contract existed to alter the status of his at-will employment. As there was no contract, there could be no tortious interference. Assuming there was a contract, Kraft cannot be held liable even if he induced its breach because he is not a third party to the contract. *Condon v. Body, Vickers & Daniels,* 99 Ohio App.3d 12, 649 N.E.2d 1259, 1265 (1994) (citing *Erebia v. Chrysler Plastic Prods. Corp.,* 891 F.2d 1212, 1216 (1989)). Furthermore, even if Kraft acted outside the scope of his employment, Gunthorpe fails to present a genuine issue of material fact that Kraft intentionally procured the contract's breach.

## CONCLUSION

For the reasons stated herein, we **REVERSE** the grant of summary judgment on the ADEA claim and **REMAND** for further proceedings, and **AFFIRM** the grant of summary judgment on the other claims.