[Cite as *Davidson v. Ziegler Tire & Supply Co.*, 2013-Ohio-2655.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| ROBERT J. DAVIDSON | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Hon. Sheila G. Farmer, J. |
|     Plaintiff-Appellant | Hon. John W. Wise, J. |
| -vs- | Case No. 2012 CA 00165 |
| ZIEGLER TIRE AND SUPPLY CO. | |
|     Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
Pleas, Case No.  2012 CV 00104


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     June 24, 2013


APPEARANCES:

For Plaintiff-Appellant

MICHAEL B. BOWLER
VINCENT V. VIGLUICCI
BLAKEMORE, MEEKER & BOWLER
19 North High Street
Akron, Ohio  44308

For Defendant-Appellee

KRISTEN S. MOORE
DANIEL E. CLEVENGER
DAY KETTERER
200 Market Avenue North, Suite 300
Canton, Ohio  44702

*Wise, J.*

{¶1} Plaintiff-Appellant Robert J. Davidson appeals the decision of the Court of Common Pleas, Stark County, which granted summary judgment in favor of Defendant-Appellee Ziegler Tire and Supply Co. on appellant's civil complaint for age discrimination and breach of contract. The relevant facts leading to this appeal are as follows.

{¶2} Appellant Robert J. Davidson was hired as the general manager of Appellee Ziegler Tire & Supply Company in June 2001. The hiring decision was made by appellee's president, William Ziegler. In order to take the job with Appellee Ziegler Tire, appellant left his position as Michelin Tire's director of national dealer sales. Appellant had been employed with Michelin Tire for twenty-two years.

{¶3} Mr. Ziegler terminated appellant in June 2009. At the time of his termination, appellant was fifty-five years old and the company's highest-paid employee. According to appellant, he was replaced by Nathan Clements, who was thirty-three years old.

{¶4} On May 17, 2010, appellant filed a complaint in the Stark County Court of Common Pleas (case no. 2010-CV-01936), in which he claimed age discrimination under R.C. 4112.14, breach of contract, and unjust enrichment. In January 2011, appellant voluntarily dismissed that complaint without prejudice.

{¶5} On January 9, 2012, appellant again filed a complaint in the Stark County Court of Common Pleas (case no. 2012-CV-00104), in which he claimed age discrimination under R.C. 4112.14 and breach of contract. Appellee filed an answer on January 24, 2012.

{¶6} In a scheduling order dated February 14, 2012, the trial court set a number of deadlines, including a discovery cut-off date of October 5, 2012.

{¶7} On April 3, 2012, appellee filed a motion for summary judgment. Appellant filed a memorandum in opposition to summary judgment on May 2, 2012. On August 3, 2012, appellee filed a supplemental motion for summary judgment.

{¶8} On August 14, 2012, prior to appellant responding to the supplemental motion for summary judgment, the trial court issued a judgment entry granting summary judgment in favor of appellee. Appellant's trial counsel, apparently prior to becoming aware of said summary judgment entry, filed a memorandum in opposition to appellee's supplemental motion for summary judgment, which was filed with the court on August 16, 2012.

{¶9} On August 27, 2012, appellant filed a "motion for reconsideration" of the granting of summary judgment. The trial court did not address the reconsideration request.

{¶10} On September 11, 2012, appellant filed a notice of appeal. He herein raises the following three Assignments of Error:

{¶11} "I. THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE ZIEGLER TIRE & SUPPLY CO. SUMMARY JUDGMENT ON APPELLANT DAVIDSON'S AGE DISCRIMINATION CLAIM BECAUSE THERE IS A GENUINE DISPUTE AS TO WHETHER APPELLANT DAVIDSON WAS REPLACED BY NATHAN CLEMENTS, A SUBSTANTIALLY YOUNGER INDIVIDUAL.

{¶12} "II. THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE ZIEGLER TIRE & SUPPLY CO. SUMMARY JUDGMENT ON APPELLANT

DAVIDSON'S BREACH OF CONTRACT CLAIM BECAUSE THERE IS A GENUINE DISPUTE AS TO WHETHER APPELLANT DAVIDSON HAD AN EMPLOYMENT CONTRACT WITH APPELLEE ZIEGLER TIRE & SUPPLY CO.

{¶13} "III.   THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE ZIEGLER TIRE & SUPPLY CO. SUMMARY JUDGMENT ON ALL OF APPELLANT DAVIDSON'S CLAIMS ON AUGUST 14, 2012, ALMOST TWO MONTHS IN ADVANCE OF THE OCTOBER 5, 2012 DISCOVERY CUTOFF DATE ESTABLISHED BY THE COURT, WHEN THE PLAINTIFF PREVIOUSLY HAD CRITICAL DISCOVERY DEPOSITIONS SCHEDULED AND NOTICED FOR AUGUST 21 AND AUGUST 24, 2012. FURTHERMORE, THE TRIAL COURT DID NOT GIVE APPELLANT DAVIDSON AN OPPORTUNITY TO RESPOND TO APPELLEE'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT IN ACCORDANCE WITH ITS SCHEDULING ORDER."

I.

{¶14} In his First Assignment of Error, appellant contends the trial court erred in granting summary judgment in favor of appellee on the issue of age discrimination, specifically regarding his assertion of replacement by a younger worker. We disagree.

{¶15} Civ.R. 56(C) provides: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion

is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *."

{¶16} As an appellate court reviewing summary-judgment issues, we must stand in the shoes of the trial court and conduct our review on the same standard and evidence as the trial court. *Porter v. Ward,* Richland App. No. 07 CA 33, 2007–Ohio–5301, 2007 WL 2874308, ¶ 34, citing *Smiddy v. Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence that demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. A fact is material when it affects the outcome of the suit under the applicable substantive law. *See Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App.3d 301, 304, 733 N.E.2d 1186.

{¶17} Under Ohio law, a prima facie case of age discrimination may be proved either directly or indirectly. An employee "may establish a prima facie case of age discrimination directly by presenting evidence, of any nature, to show that an employer more likely than not was motivated by discriminatory intent." *Hoyt v. Nationwide Mut.*

*Ins. Co.,* Franklin App. No. 04AP–941, 2005–Ohio–6367, 2005 WL 3220192, ¶ 58, quoting *Mauzy v. Kelly Servs., Inc.* (1996), 75 Ohio St.3d 578, 664 N.E.2d 1272, paragraph one of the syllabus. Without direct proof of discrimination, an employee may establish a prima facie claim of age discrimination indirectly by demonstrating he or she (1) was a member of the statutorily protected class, (2) was discharged, (3) was qualified for the position, and (4) was replaced by, or the discharge permitted the retention of, a person of substantially younger age. *Coryell v. Bank One Trust Co., N.A.,* 101 Ohio St.3d 175, 2004–Ohio–723, 803 N.E.2d 781, ¶ 20.

**{¶18}** In the case sub judice, appellant focuses on the fourth criterion of *Coryell*, *supra*, urging that a genuine issue of material fact exists as to whether he was "replaced" by Nathan Clements, appellee's comptroller, who was thirty-three years old in 2009.[1] Appellant concedes that neither Clements nor anyone else was given the title of general manager after appellant was terminated.

**{¶19}** In discovery, appellant received from Appellee Ziegler Tire a document listing appellant's former job duties and who replaced him in each duty. This document indicates that Clements took over some or all of five job duties, set forth as: (1) Responsibility for direct supervision of staff; (2) Review and preparation of annual budgets; (3) Preparation of monthly salespersons' commission for payroll; (4) Visiting stores; and (5) Evaluating store managers. Appellant concedes that appellee listed a total of seventeen job duties in the general manager position, but he urges that

---

[1] Appellant suggests that the depositions of employees Edward Ramey and Thomas West would have supported his "replacement" argument in the trial court. However, these depositions were scheduled for late August 2012, but were never accomplished due to the August 14, 2012 granting of summary judgment. We will reach aspects of this issue in the Third Assignment of Error.

Clements was given appellant's "most important and primary job duties." Appellant's Brief at 10, 12.

{¶20} This Court has recognized that assumption of duties does not constitute replacement. *See Yannarell v. GBS Corp.,* Stark App.No. 2009CA00025, 2009–Ohio–5254, ¶ 31, citing *Valentine v. Westshore Primary Care Assoc.,* Cuyahoga App. No. 89999, 2008–Ohio–4450, ¶ 86 (additional citation omitted). Furthermore, "[a] person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties * * *. A person is replaced only when another employee is hired or reassigned to perform the plaintiff's duties." *Id.* (additional citations and internal quotations omitted).

{¶21} Upon review of the record, and in light of the aforesaid evidence, we conclude appellant has failed to demonstrate a genuine issue of material fact as to a prima facie case of age discrimination, as reasonable minds could only conclude that Clements, the comptroller, was assigned some additional management duties and that appellant was not replaced for purposes of an age discrimination claim.

{¶22} Furthermore, we recognize that under Ohio law, if a plaintiff establishes a prima facie case of age discrimination, the burden shifts to the employer to provide some legitimate, nondiscriminatory reason for the action taken. *Hoyt v. Nationwide Mut. Ins. Co., supra,* ¶ 59, citing *Kohmescher v. Kroger Co.* (1991), 61 Ohio St.3d 501, 503, 575 N.E.2d 439. If the employer establishes a nondiscriminatory reason for termination, the employee then bears the burden of showing that the employer's proffered reason was a pretext for impermissible discrimination. *Owens v. Boulevard Motel Corp.* (Nov. 5, 1998), Franklin App. No. 97APE12–1728, 1998 WL 886502; *Cruz v. S. Dayton*

*Urological Assoc., Inc.* (1997), 121 Ohio App.3d 655, 659, 700 N.E.2d 675. Appellee documented that it let forty-three employees go in 2008 and 2009 as part of a "reduction in force" plan during the national economic downturn occurring at that time. More than half those let go were under the age of forty. As a result of the reduction in force, the duties that appellant had performed were redistributed among six or seven different employees of appellee, including Clements. Thus, in the case sub judice, even if we were to determine that appellant had at least established a prima facie case of age discrimination, under the *Coryell* standard, on the basis that appellant's discharge had "permitted the retention" of Clements, we would conclude for summary judgment purposes that appellee's decision to terminate appellant under its reduction in force plan was valid and nonpretextual.

**{¶23}** Appellant's First Assignment of Error is overruled.

II.

**{¶24}** In his Second Assignment of Error, appellant contends the trial court erred in granting summary judgment in favor of appellee on his claim that appellee breached an employment contract with him. We disagree.

**{¶25}** Generally, under Ohio law, at-will employment relationships may be terminated by either party at any time for any reason not contrary to law. *Escott v. Timken Co.*, 153 Ohio App.3d 529, 795 N.E.2d 64, 2003-Ohio-3370, ¶ 12, citing *Bucher v. Sibcy Cline, Inc.* (2000), 137 Ohio App.3d 230, 235, 738 N.E.2d 435. There is a strong presumption of at-will employment under Ohio law. *See Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 102-103. However, there is a well-established exception to the at-will doctrine based on contract theory; in other words, an employee may be

able to establish that there exists either an express or an implied contract to overcome the presumption of an at-will relationship. *See Reasoner v. Bill Woeste Chevrolet, Inc.* (1985), 134 Ohio App.3d 196, 200, 730 N.E.2d 992.

**{¶26}** Appellant's contract-based claim is essentially based on two components. The first is a June 5, 2001 letter from William Ziegler setting forth specifics for the job such as salary, bonuses, and an annual base salary increase. The second is a memorandum written by appellant to William Ziegler in 2005. The memorandum proposed a $5,000.00 increase in appellant's base pay every three years instead of every year, with three specific dates when these increases would initially go into effect: July 1, 2007, July 1, 2010, and July 1, 2013. Appellant also proposed that upon retirement, appellee would continue to cover appellant's and his wife's medical benefits until they died. However, appellant admitted in his deposition that these documents provided no guarantee of a specific period of duration of employment. Davidson Deposition at 71. Furthermore, upon his hire, appellant executed a receipt for the company handbook and received same. The receipt document contains the following language:

**{¶27}** "I understand Ziegler Companies reserves the right to make changes in the guidelines or their application as it deems appropriate, and these changes may be made with or without notice. *I also understand that employment is terminable at the will of the employee or the company at any time,* and that no representative of the company other than the President has any authority to make any contrary agreement." (Emphasis added).

{¶28} In addition, the employee handbook itself states that nothing described therein "should be construed as a contractual obligation of the Ziegler Companies to its employees or to any other persons."

{¶29} Appellant secondly relies on his recollection that William Ziegler "told me that the last person out of the building to turn the lights out if they went broke would be him, and the person before him would be me." Davidson Deposition at 45. Appellant maintains he had additional such conversations with Mr. Ziegler, and that Mr. Ziegler once told appellant he would be the successor president. However, the Ohio Supreme Court has recognized: "Standing alone, praise with respect to job performance and discussion of future career development will not modify an employment-at-will relationship. * * *. *Helmick v. Cincinnati Word Processing Inc.* (1989), 45 Ohio St.3d 131, 543 N.E.2d 1212, paragraph three of the syllabus. *See, also*, *Weiper v. W.A. Hill & Assoc.* (1995), 104 Ohio App.3d 250, 258, 661 N.E.2d 796 (indicating that while such praise might be interpreted as a "personal but objectively unfounded sense of job security," it does not alter the nature of at-will employment).

{¶30} Upon review, we find appellant has failed to establish a genuine issue of material fact regarding the existence of a valid express or implied contract of employment with appellee.

{¶31} Appellant's Second Assignment of Error is overruled.

III.

{¶32} In his Third Assignment of Error, appellant challenges the trial court's handling of discovery and scheduling issues prior to the granting of summary judgment.

**{¶33}** We have generally recognized that a trial court has the inherent authority to manage its own proceedings and control its own docket. *Love Properties, Inc. v. Kyles,* Stark App.No. 2006CA00101, 2007-Ohio-1966, ¶ 37, citing *State ex rel. Nat. City Bank v. Maloney,* Mahoning App.No. 03 MA 139, 2003-Ohio-7010, ¶ 5. A decision regarding the disposition of discovery issues is reviewed under an abuse of discretion standard. *Contini v. Ohio State Bd. of Edn.,* Licking App. No.2007CA0136, 2008-Ohio-5710, ¶ 46 citing *State ex rel. The V Companies v. Marshall* (1998), 81 Ohio St.3d 467, 469, 692 N.E.2d 198.

**{¶34}** In regard to appellant's claim that he was prevented from deposing two Ziegler Tire employees, we note that in *Maschari v. Tone,* 103 Ohio St.3d 411, 2004-Ohio-5342, 816 N.E.2d 579, the Ohio Supreme Court determined that a party's failure to move the trial court, pursuant to Civ.R. 56(F), to delay consideration of a summary judgment motion precludes that party from complaining on appeal of its inability to conduct planned depositions. *Id. a*t ¶ 20. Secondly, in regard to appellant's claim that he was not given enough time to respond to the supplemental motion for summary judgment, the trial court specifically stated that its decision was based upon the motion for summary judgment filed April 3, 2012 and upon plaintiff's [appellant's] opposition filed May 2, 2012. As it appears the trial court did not rely upon or consider the supplemental motion, we find appellant's asserted error to be harmless.

**{¶35}** Accordingly, upon review, we are unable to conclude the trial court abused its discretion in managing the discovery and scheduling of this case.

**{¶36}** Appellant's Third Assignment of Error is overruled.

**{¶37}** For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 0604

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


ROBERT J. DAVIDSON                          :
                                            :
    Plaintiff-Appellant                     :
                                            :
-vs-                                        :                JUDGMENT ENTRY
                                            :
ZIEGLER TIRE AND SUPPLY CO.                 :
                                            :
    Defendant-Appellee                      :                Case No. 2012 CA 00165


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to appellant.


                              _____


                              _____


                              _____

                                              JUDGES