CORYELL, APPELLANT, *v.* BANK ONE TRUST COMPANY N.A., APPELLEE.

[Cite as *Coryell v. Bank One Trust Co. N.A.,*
101 Ohio St.3d 175, 2004-Ohio-723.]

(No. 2002–1758—Submitted October 21, 2003—Decided March 3, 2004.)

**O'CONNOR, J.**

## I. Facts and Procedure

{¶ 1} The facts as alleged in the complaint are as follows. Bank One Trust Company N.A. ("Bank One") employed James L. Coryell from 1992 until the company terminated his employment in 2001. Coryell, who was 49 years of age at that time, was replaced by 42–year–old John Kozak.

{¶ 2} Coryell sued Bank One for wrongful termination under R.C. Chapter 4112. He claimed that by replacing him with someone substantially younger than himself, Bank One illegally discriminated on the basis of age.[1] The trial court granted Bank One's Civ.R. 12(C) motion for judgment on the pleadings, reasoning that Coryell failed to set forth a prima facie case of age discrimination. Although Coryell was replaced by a younger employee, the trial court held that under *Barker v. Scovill, Inc.* (1983), 6 Ohio St.3d 146, 6 OBR 202, 451 N.E.2d 807, a prima facie case can be established only if the plaintiff was replaced by an employee outside the class of individuals protected by R.C. 4112.14(A).

{¶ 3} Coryell appealed to the Franklin County Court of Appeals. He argued that regardless of class membership, a prima facie case of age discrimination may exist if the favored employee is "substantially younger" than the protected employee, that he pled direct evidence of age discrimination, and that the trial court incorrectly applied a heightened standard by requiring him to plead detailed facts that evidenced his employer's discrimination rather than "a short and plain statement of the claim" showing his entitlement to relief. See Civ.R. 8(A).

{¶ 4} Relying on our holdings in *Barker* and its progeny, the appellate court affirmed based upon Coryell's failure to plead a prima facie case via direct or indirect evidence. The court reasoned that the complaint fell short of a prima

---

1. Coryell also alleged age discrimination in that his termination permitted the retention of a 36–year–old employee. The trial court, however, determined that although the retained employee was outside the protected class, he was not "similarly situated in all respects," and thus, Coryell failed to establish all elements necessary to establish a prima facie case of age discrimination. Coryell did not challenge this aspect of the trial court's ruling on appeal. Accordingly, this issue is not before us and will not be addressed.

facie case because Coryell did not plead that he had been replaced by an employee who was outside R.C. 4112.14(A)'s protected class. The appellate court considered the issue of a heightened pleading standard moot because insufficient evidence of age discrimination had been pled under either standard. This case is now before us as a discretionary appeal.

## II. Statutory and Case Law

{¶ 5} R.C. 4112.02 sets forth unlawful discriminatory practices. It reads:

{¶ 6} "It shall be an unlawful discriminatory practice:

{¶ 7} "(A) For any employer, because of the race, color, religion, sex, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

{¶ 8} R.C. 4112.14(A) prohibits age discrimination in employment, and sets forth a protected class as follows: "No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee."

{¶ 9} This court had held that absent direct evidence, to establish a prima facie violation of R.C. 4112.14(A) a plaintiff "must demonstrate (1) that he or she was a member of the statutorily protected class, (2) that he or she was discharged, (3) that he or she was qualified for the position, and (4) that he or she was replaced by, or that the discharge permitted the retention of, a person not belonging to the protected class." *Kohmescher v. Kroger Co.* (1991), 61 Ohio St.3d 501, 575 N.E.2d 439, syllabus (explaining and modifying paragraph one of the syllabus in *Barker*, 6 Ohio St.3d 146, 6 OBR 202, 451 N.E.2d 807). This test is a descendant of *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668, in which the United States Supreme Court promulgated an analytical framework for claims of race discrimination.[2]

{¶ 10} Federal courts also have adapted the *McDonnell Douglas Corp.* framework to claims brought under the Age Discrimination in Employment Act of 1967 ("ADEA"), 81 Stat. 602, as amended, Section 621 et seq., Title 29, U.S.Code. The ADEA, like R.C. 4112.14(A), protects persons aged 40 and older from age-based discrimination in employment. Section 631(a), Title 29, U.S.Code.

---

2. *McDonnell Douglas Corp.* set forth evidentiary standards for demonstrating racial discrimination violative of Title VII of the Civil Rights Act of 1964, Section 2000e et seq., Title 42, U.S.Code.

{¶ 11} In *O'Connor v. Consol. Coin Caterers Corp.* (C.A.4, 1995), 56 F.3d 542, the Fourth Circuit Court of Appeals held that a 56–year–old plaintiff failed to establish a prima facie case of age discrimination because he had been replaced by someone who was also within the protected class. On appeal, a unanimous Supreme Court held, "The fact that one person in the protected class has lost out to another person in the protected class is * * * irrelevant, so long as he has lost out *because of his age.*" (Emphasis sic.) *O'Connor v. Consol. Coin Caterers Corp.* (1996), 517 U.S. 308, 312, 116 S.Ct. 1307, 134 L.Ed.2d 433. Further, in the age-discrimination context, an inference that an employment decision was based on an illegal discriminatory criterion "cannot be drawn from the replacement of one worker with another worker insignificantly younger. Because the ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is *substantially younger* than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class." (Emphasis added.) Id., 517 U.S. at 313, 116 S.Ct. 1307, 134 L.Ed.2d 433.

### III. Analysis

{¶ 12} Primarily, Coryell argues that we should adopt *O'Connor*'s holding and determine that, regardless of class membership, a plaintiff may establish a prima facie case of age discrimination by demonstrating that the favored employee was substantially younger than he. Further, Coryell asks us to address what allegations are necessary to plead a prima facie case of age-based employment discrimination.

{¶ 13} Bank One counters that we have already twice rejected *O'Connor* in *Mauzy v. Kelly Services, Inc.* (1996), 75 Ohio St.3d 578, 664 N.E.2d 1272, and *Byrnes v. LCI Communication Holdings Co.* (1996), 77 Ohio St.3d 125, 672 N.E.2d 145, and that class membership remains a necessary component of a prima facie claim. Alternatively, Bank One argues that an employee is not "substantially younger" than another employee absent at least a ten-year difference in their ages.

### A. *Barker*'s viability in light of *O'Connor*

{¶ 14} Preliminarily, Bank One errs by asserting that we have already rejected *O'Connor*. While both *Mauzy* and *Byrnes* concerned age discrimination, the viability of *Barker*'s fourth prong was not at issue in either case.[3] Consequently,

---

3. {¶ a} In *Mauzy*, we held that a plaintiff who resigned rather than accept mandatory transfer may satisfy *Barker*'s second prong by showing that she was constructively discharged. 75 Ohio St.3d 578, 664 N.E.2d 1272, paragraph three of the syllabus. In reaching our conclusion, we reiterated the *Barker* test, yet we noted that the fourth prong "is questionable in light of the recent United States Supreme Court decision in *O'Connor v. Consol. Coin Caterers Corp.* (1996), 517 U.S. ——,

this case presents our first opportunity to consider whether *O'Connor*'s "substantially younger" test accurately reflects Ohio law.

{¶ 15} Although we are not bound to apply federal court interpretation of federal statutes to analogous Ohio statutes, we have looked to federal case law when considering claims of employment discrimination brought under the Ohio Revised Code. See, e.g., *Little Forest Med. Ctr. of Akron v. Ohio Civ. Rights Comm.* (1991), 61 Ohio St.3d 607, 610, 575 N.E.2d 1164 (stating, "[T]he requisite burdens of proof regarding particular evidentiary issues established by the federal courts are relevant in determining whether there exists reliable, probative and substantial evidence of discrimination in violation of R.C. Chapter 4112"). Accordingly, we remain mindful of *O'Connor* as we address Coryell's first proposition.

{¶ 16} Coryell asserts that *Barker*'s fourth prong unduly limits the protections afforded by R.C. 4112.14(A) by arbitrarily making class membership a more relevant concern than age-based animus. Coryell concedes that he cannot satisfy *Barker*'s prima facie case requirements; however, he argues that this court should adopt *O'Connor*'s reasoning and hold that a prima facie case of age discrimination in violation of R.C. 4112.14(A) may exist if the protected employee is replaced by a substantially younger employee, regardless of class membership.

{¶ 17} Prima facie tests are mechanisms by which courts may readily dispose of cases that cannot sustain a particular cause of action. " 'To say that a plaintiff has established a *prima facie* case is simply to say that he has produced sufficient evidence to present his case to the jury, *i.e.*, he has avoided a directed verdict.' " *Kohmescher*, 61 Ohio St.3d at 505, 575 N.E.2d 439, quoting *Rose v. Natl. Cash Register Corp.* (C.A.6, 1983), 703 F.2d 225, 227. Further, "there must be at least a logical connection between each element of the prima facie case and the illegal discrimination for which it establishes a 'legally mandatory, rebuttable presumption.' " *O'Connor*, 517 U.S. 308 at 311–312, 116 S.Ct. 1307, 134 L.Ed.2d 433, quoting *Texas Dept. of Community Affairs v. Burdine* (1981), 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207, fn. 7.

{¶ 18} A prima facie case standard requiring evidence that an employee's replacement is outside the protected class is logically disconnected from the employment discrimination that R.C. 4112.14(A) seeks to prevent. Essentially, R.C. 4112.14(A) prohibits employment discrimination on the basis of age. *Bark-*

---

116 S.Ct. 1307, 134 L.Ed.2d 433." *Mauzy*, 75 Ohio St.3d at 582, 664 N.E.2d 1272, fn. 2. Nonetheless, because only *Barker*'s second prong was at issue in *Mauzy*, we did not further discuss *O'Connor* or *Barker*'s fourth prong.

{¶ b} In *Byrnes*, 77 Ohio St.3d 125, 672 N.E.2d 145, we again iterated the *Barker* test. The applicability of the fourth prong, however, was again not at issue because the plaintiffs had conceded that they could not establish a prima facie case. Id. at 129, 672 N.E.2d 145.

*er*, 6 Ohio St.3d at 147, 6 OBR 202, 451 N.E.2d 807. Thus, "the ultimate inquiry * * * [is] whether evidence of age discrimination is present in the case." *Kohmescher*, 61 Ohio St.3d at 504, 575 N.E.2d 439. Under *Barker*, a prima facie case could be established if the protected employee was age 40 and the favored employee was age 39. Coryell reasonably urges that *Barker* be modified, as age-based animus is no more likely under those facts than here, where the protected employee is age 49 and the favored employee is age 42.[4] Nonetheless, the *Barker* test would permit a claim by the 40–year–old and yet preclude a claim by the 49–year–old.

{¶ 19} To acknowledge that R.C. 4112.14(A) is designed to prohibit age-based discrimination and then to hold that a claim must fail because although discrimination may have occurred, it occurred in favor of a class member thwarts the statute and tacitly condones the offensive conduct that it was intended to prevent. This inconsistency is remedied by replacing *Barker*'s fourth prong with a requirement that the favored employee be substantially younger than the protected employee. A "substantially younger" test serves R.C. 4112.14(A)'s purpose because it is logically connected to the discrimination that R.C. 4112.14(A) seeks to prevent. See *O'Connor*, 517 U.S. at 312–313, 116 S.Ct. 1307, 134 L.Ed.2d 433.

{¶ 20} Accordingly, we hold that absent direct evidence of age discrimination, in order to establish a prima facie case of a violation of R.C. 4112.14(A) in an employment discharge action, a plaintiff-employee must demonstrate that he or she (1) was a member of the statutorily protected class, (2) was discharged, (3) was qualified for the position, and (4) was replaced by, or the discharge permitted the retention of, a person of substantially younger age.

## B. The "Substantially Younger" Factor

{¶ 21} After *O'Connor*, federal courts have held that various age differences are either substantial or insubstantial.[5] Most federal circuits, however, have not

---

4. As the Supreme Court stated in *O'Connor*: "[T]here can be no greater inference of *age* discrimination (as opposed to '40 or over' discrimination) when a 40–year–old is replaced by a 39–year–old than when a 56–year–old is replaced by a 40–year–old." (Emphasis sic.) *O'Connor*, 517 U.S. at 312, 116 S.Ct. 1307, 134 L.Ed.2d 433.

5. See, e.g., *Dunaway v. Internatl. Bhd. of* Teamsters (C.A.D.C.2002), 310 F.3d 758 (seven-year age difference is not substantial without more information); *Koster v. Trans World Airlines, Inc.* (C.A.1, 1999), 181 F.3d 24, 32 (25–year–old, retained manager was substantially younger than furloughed 49–year–old manager); *Byrnie v. Cromwell Bd. of Edn.* (C.A.2, 2001), 243 F.3d 93 (42–year–old was substantially younger than 64–year–old); *Showalter v. Univ. of Pittsburgh Med. Ctr.* (C.A.3, 1999), 190 F.3d 231, 236 (employees who are eight and 16 years younger than plaintiff were substantially younger); *Cramer v. Intelidata Technologies Corp.* (C.A.4, 1998), 168 F.3d 481 (unpublished disposition) (five-year age difference was not substantial); *Barnett v. Dept. of Veterans Affairs* (C.A.6, 1998), 153 F.3d 338, 341 (age difference between 51–year–old employee and employee "around 40" was substantial); *Miller v. Borden, Inc.* (C.A.7, 1999), 168 F.3d 308 (age

articulated an age difference that is presumptively substantial, but rather are deciding the issue on a case-by-case basis.[6] The variety of these holdings underscores the elusiveness of an absolute definition of "substantially younger."

{¶ 22} Like the *O'Connor* court, we do not define "substantially younger." We do, however, impart the following caveat. When considering whether a favored employee is substantially younger than a protected employee, courts must keep in mind that the purpose of R.C. 4112.14(A) is to prevent employment discrimination on the basis of age, and that whether an employee is substantially younger is but a single factor in a broader analysis. The prima facie case method "involv[es] the process of elimination, whereby the plaintiff may create an inference that an employment decision was more likely than not based on illegal discriminatory criteria." *Mauzy*, 75 Ohio St.3d at 584, 664 N.E.2d 1272. Courts must not "overlook the ultimate inquiry in age discrimination cases, *i.e.*, whether [a] plaintiff was discharged on account of age." *Kohmescher*, 61 Ohio St.3d at 505, 575 N.E.2d 439.

{¶ 23} While an objective standard would arguably lend greater predictability and consistency to age discrimination claims, it would fall to the same logic that defeats *Barker*'s class distinction requirement. In other words, an arbitrary distinction between protected and favored employees' ages goes no further toward effectuating R.C. 4112.14(A) than class membership. The term "substantially younger" as applied to age discrimination in employment cases defies an absolute definition and is best determined after considering the particular circumstances of each case.

{¶ 24} While the "substantially younger" factor vests significant discretion in the trial court, it is not uncommon for trial courts to exercise such discretion when confronted with a discrimination claim. The third *Barker* prong is subjective in that it requires a plaintiff to show that he was qualified for the position. Even whether discharge happened is not quite absolute, as the parties may dispute whether the protected employee left of his own volition or was forced to leave. See *Mauzy*, 75 Ohio St.3d 578, 664 N.E.2d 1272, paragraph four of the

---

difference between employee "approaching 60" and two employees in their 40s was substantial); *Keathley v. Ameritech Corp.* (C.A.8, 1999), 187 F.3d 915, 923–924 (reasonable inference of age-based discrimination existed where salespersons over age 45 were replaced by salespersons under age 35); *Nidds v. Schindler Elevator Corp.* (C.A.9, 1996), 113 F.3d 912 (age difference between 54–year–old and 25–year–old was substantial); *Munoz v. St. Mary–Corwin Hosp.* (C.A.10, 2000), 221 F.3d 1160, 1166 (plaintiff failed to establish prima facie case because his replacement was "only two years his junior"); *Carter v. DecisionOne Corp.* (C.A.11, 1997), 122 F.3d 997 (age difference between 42–year–old and 39–year–old was substantial, citing *Carter v. Miami* [C.A.11, 1989], 870 F.2d 578).

6. But, see, *Hartley v. Wisconsin Bell, Inc.* (C.A.7, 1997), 124 F.3d 887, 893, stating, "[W]e consider a ten-year difference in ages (between the plaintiff and her replacement) to be presumptively 'substantial' under *O'Connor*."

syllabus ("The test for determining whether an employee was constructively discharged is whether the employer's actions made working conditions so intolerable that a reasonable person under the circumstances would have felt compelled to resign").   Further, if the plaintiff establishes a prima facie case, the court must exercise discretion in determining whether the employer articulated a nondiscriminatory ground for the discharge.   If so, the court wields yet more discretion in determining whether the purpose was a pretext for discrimination.   Each of these links in the procedural chain vests significant discretion in the trial court to make largely subjective decisions.   Trial courts make such decisions by applying the relevant factors in light of statutory mandates.

### C.   Pleading Standard

{¶ 25} As to the requisite pleading standard to establish an age discrimination case, we adopt the Supreme Court's holding in *Swierkiewicz v. Sorema, N.A.* (2002), 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1. In *Swierkiewicz,* the Supreme Court held that because *McDonnell Douglas* set forth an evidentiary standard rather than a pleading standard, a prima facie case of age discrimination may be established by pleading " 'a short and plain statement of the claim showing that the pleader is entitled to relief.' "   Id., quoting Fed.R.Civ.Proc. 8(a)(2).   Ohio's Civ.R. 8(A)(1) mirrors the federal rules virtually verbatim.   Accordingly, we hold that a plaintiff may plead a prima facie case of age discrimination by pleading "a short and plain statement of the claim showing that the party is entitled to relief."   Civ.R. 8(A)(1).

### IV.   Conclusion

{¶ 26} In conclusion, a plaintiff may plead a prima facie case of age-based employment discrimination in violation of R.C. 4112.14(A) by pleading a short and plain statement of the claim, which includes an allegation that he was replaced by a person substantially younger than himself.   Trial courts are vested with the discretion to determine, based on the circumstances of the case, whether an employee is substantially younger than a protected employee.

{¶ 27} The judgment is reversed, and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

MOYER, C.J., RESNICK and PFEIFER, JJ., concur.

F.E. SWEENEY and LUNDBERG STRATTON, JJ., dissent.

O'DONNELL, J., dissents.

LUNDBERG STRATTON, J., dissenting.

{¶ 28} For the past 20 years, this court has consistently required an employee who is alleging age discrimination in the workplace to demonstrate that he or she has been discharged and replaced by, or the discharge permitted the retention of, someone outside the "protected class," i.e., someone under the age of forty. *Barker v. Scovill, Inc.* (1983), 6 Ohio St.3d 146, 6 OBR 202, 451 N.E.2d 807, paragraph one of the syllabus.

{¶ 29} The General Assembly amended the relevant statute throughout the years yet never substantively modified or overruled this interpretation. Because the General Assembly has not felt the need to legislatively overrule what this court has historically held, I believe that the law as established in *Barker* and its progeny is a clear indication of Ohio's public policy. "[L]egislative inaction in the face of longstanding judicial interpretations of [a statute] evidences legislative intent to retain existing law." *State v. Cichon* (1980), 61 Ohio St.2d 181, 183–184, 15 O.O.3d 209, 399 N.E.2d 1259. "In interpreting the meaning of legislative language, it is not unimportant that the General Assembly has failed to amend the legislation subsequent to a prior interpretation thereof by this court." *Seeley v. Expert, Inc.* (1971), 26 Ohio St.2d 61, 72, 55 O.O.2d 120, 269 N.E.2d 121.

{¶ 30} I believe that if a change is warranted to modify or expand the criterion from a person under age 40 to "a person of substantially younger age," then this change should be accomplished by the General Assembly, not the judiciary. Therefore, I respectfully dissent.

F.E. SWEENEY, J., concurs in the foregoing dissenting opinion.

---

Russell A. Kelm, Joanne Weber Detrick and Brian M. Garvine, for appellant.

Steven W. Tigges and Bradley T. Ferrell, for appellee.

Frederick M. Gittes and Kathaleen B. Schulte, urging reversal for amici curiae American Association of Retired Persons, Ohio Academy of Trial Lawyers, Ohio Employment Lawyers Association, and Ohio Civil Rights Coalition.