OPINION
{¶ 1} This is an appeal from the judgment of the Union County Court of Common Pleas which granted summary judgment to Defendant-appellees, Honda of America Mfg., Inc. ("HAM"), James Hefner, Gary Crawford and Michael Schwaderer in an action filed by Plaintiff-Appellant, Jefferey B. Lange (Lange).
 {¶ 2} The parties do not dispute the following set of facts. In April of 2002, Lange, an employee of HAM, traveled to Guadalajara, Mexico to assist in planning engineering changes to certain machinery at the Honda of Mexico assembly plant. James Fredrick ("Fredrick") also employed by HAM and John Overs ("Overs") and Michael Amos ("Amos"), employees of Honda Engineering of North America ("EGA") accompanied Lange to Mexico on this trip as part of a project team.
 {¶ 3} On April 21, 2002, the men arrived at the plant at approximately 7:30 a.m. and at approximately 12:15 p.m., the four men left the plant for lunch. None of the men returned to the plant that day. However, each man reported that they had worked nine hours. While Fredrick, Overs and Amos admitted that they did not work the rest of the day, Lange alleged that he worked an additional four to five hours in his hotel room after lunch. After an investigation, EAG terminated Overs and Amos; however, both were reinstated following an appeal of the termination. HAM reprimanded Fredrick for his conduct and terminated Lange, concluding that Lange falsified his timesheets and as project leader, instructed the team to do the same.
 {¶ 4} Thereafter, Lange, who was 46 years old at the time, filed an age discrimination claim against HAM and his direct supervisors claiming that he was treated differently than younger employees. Specifically, Lange argued that he should not have been terminated since none of the other men were ultimately terminated. Furthermore, Lange argues that upon termination, he should have been given an opportunity to appeal the decision. After several depositions were taken, HAM and the other defendants filed a motion for summary judgment alleging that Lange's termination was not related to Lange's age. The trial court granted HAM's motion finding, among other things, that Lange was not similarly situated to the other employees involved.
 {¶ 5} Lange now appeals asserting a single assignment of error.
The trial court erred in granting defendant's motion forsummary judgment against plaintiff's claim of agediscrimination.
 {¶ 6} The standard for review of a grant of summary judgment is one of de novo review. Lorain Natl. Bank v. Saratoga Apts.
(1989), 61 Ohio App.3d 127, 129. Thus, such a grant will be affirmed only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In addition, "summary judgment shall not be rendered unless it appears * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence construed most strongly in his favor." Id.
 {¶ 7} The moving party may make his motion for summary judgment in his favor "with or without supporting affidavits[.]" Civ.R. 56(B). However, "[a] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." Mitseff v. Wheeler (1988),38 Ohio St.3d 112, syllabus. Summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the nonmovant. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 360. Once the moving party demonstrates that he is entitled to summary judgment, the burden then shifts to the non-moving party to show why summary judgment in favor of the moving party should not be had. See Civ.R. 56(E). In fact, "[i]f he does not so respond, summary judgment, if appropriate, shall be entered against him." Id.
 {¶ 8} In analyzing a case of discrimination pursuant to R.C. Chapter 4112 the trial court is required to determine (1) whether the employee presented a prima facie case of discrimination; (2) whether the employer showed a reasonable non-discriminatory rationale for the challenged action; and finally, (3) whether the employee proved that the stated rationale is a pretext for discrimination. Plumbers Steamfitters Joint ApprenticeshipCommt. v. Ohio Civ. Rights Comm. (1981), 66 Ohio St.2d 192,197-198. Therefore, the initial burden of showing a prima facie case of discrimination is placed upon the employee. Snyder v.Lima, Allen App. No. 1-2000-43, at *4, 2000-Ohio-1789.
 {¶ 9} In order to establish a prima facie case in an age discrimination action, a plaintiff-employee must demonstrate that he or she "(1) was a member of the statutorily protected class, (2) was discharged, (3) was qualified for the position, and (4) was replaced by, or the discharge permitted the retention of, a person of substantially younger age." Coryell v. Bank One TrustCo. N.A., 101 Ohio St.3d 175, 180, 2004-Ohio-723 ¶ 20.[1]
A plaintiff can also make out a prima facie disparate treatment case by showing, in addition to the first three elements, that the employee was "treated differently than a similarly situated employee from outside the protected class."Policastro v.Northwest Airlines, Inc. (C.A. 6, 2002), 297 F.3d 535, 538, citing Mitchell v. Toledo Hosp. (C.A. 6, 1992), 964 F.2d 577,582-583.
 {¶ 10} In this case, HAM does not dispute that Lange was a member of a protected class, was discharged from his employment, and was qualified for his position. Rather, HAM argues that Lange was not similarly situated to the other four men involved in this case and, therefore, Lange cannot establish a prima facie case of age discrimination.
 {¶ 11} To be deemed "similarly-situated,"
the individuals with whom the plaintiff seeks to comparehis/her treatment must have dealt with the same supervisor, havebeen subject to the same standards and have engaged in the sameconduct without such differentiating or mitigating circumstancesthat would distinguish their conduct or the employer's treatmentof them for it. (citations omitted).
 Mitchell, supra, at 582-583.
However, the plaintiff need not demonstrate "an exact correlation" with the employee receiving more favorable treatment, rather, the two must be similar in "all of therelevant aspects." Ercegovich v. Goodyear Tire Rubber Co.
(C.A. 6, 1998), 154 F.3d 344, 352; Kroh v. Continental Gen. Tire,Inc. 92 Ohio St.3d 30, 32-33, 2001-Ohio-59 (citing Ercegovich
with approval in an employment discrimination case).
 {¶ 12} Lange argues that there is at least a question of fact for the jury as to whether he was similarly situated to Overs, Amos, and Fredrick. We disagree. As for Overs and Amos, it is undisputed that they worked for EAG, a separate division of Honda, and were investigated and disciplined by EAG. As Lange was an employee for HAM and was investigated and terminated by HAM, reasonable minds could only find that Lange was not similarly situated to Overs and Amos.[2]
 {¶ 13} While like Lange, Fredrick was an employee for HAM and was investigated and disciplined by HAM, we are not convinced that Fredrick and Lange were similarly situated in "all relevant respects." Specifically, the undisputed evidence establishes that Lange held a managerial role on this trip while Fredrick did not. While Lange repeatedly argues that he was Fredrick's peer and not his supervisor on the trip to Mexico, Lange admitted that he was the project leader and his description of his duties reflects a role that was supervisory in nature. When asked what his leadership role was on the trip Lange stated, "I had to make sure they got to the plant on time, make sure they got the job done and that the job came in ahead of schedule, make sure the reports are done." Lange's responsibilities described above clearly differentiate Lange from Fredrick and the other men on the team which "would distinguish their conduct or the employer's treatment of them for it." Consequently, we find that reasonable minds could only conclude that Lange was not similarly situated to Fredrick.
 {¶ 14} Based on the foregoing, Lange has not established a prima facie case of age discrimination. Therefore, Lange's assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
Bryant and Cupp, JJ., concur.
[1] This test is to be performed in the absence of direct evidence of age discrimination. Coryell, supra.
[2] Lange also argues that he should have been provided an opportunity to appeal his termination since Amos and Overs were given that opportunity. However, Lange, as an exempt employee working for HAM, was not eligible to receive a review of his termination.