[Cite as *Abrigg v. Mercy Med. Ctr.*, 2011-Ohio-2112.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| JOANN ABRIGG | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-00182 |
| MERCY MEDICAL CENTER, ET AL | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
                             Common Pleas, Case No. 2009CV03423

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      May 2, 2011

APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

DAVID A. VANGAASBEEK                     DAVID DINGWELL
1303 West Maple Street, Ste. 104         220 Market Avenue South, 8th Fl.
North Canton, OH 44720                   Canton, OH 44702

*Gwin, P.J.*

{¶1}   Plaintiff-appellant JoAnn Abrigg appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendants-appellees Mercy Medical Center, Connie Smith, and Jami Offenberger.   Appellant assigns four errors to the trial court:

{¶2}   "I. THE TRIAL COURT ERRED BY GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT ON THE GROUNDS THAT APPELLANT WAS NOT SUFFERING FROM A "SERIOUS HEALTH CONDITION" AS REQUIRED BY THE FAMILY AND MEDICAL LEAVE ACT (29 USC SEC. 2601 ET SEQ) BECAUSE APPELLANT PROVIDED SUFFICIENT MEDICAL EVIDENCE AND PERSONAL TESTIMONY THAT WOULD CREATE A GENUINE ISSUE OF MATERIAL FACT ON THIS ISSUE.

{¶3}   "II. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT ON THE GROUNDS THAT APPELLANT DID NOT GIVE APPELLEES SUFFICIENT NOTICE AS TO THE NEED FOR MEDICAL LEAVE UNDER THE FAMILY AND MEDICAL LEAVE ACT (29 USC SEC. 2601 ET SEQ).

{¶4}   "III. THE TRIAL COURT ERRED IN THIS PARTICULAR CASE IN THAT IT REQUIRED APPELLANT TO PROVIDE SUFFICIENT CERTIFICATION FROM THE HEALTH CARE PROVIDER THAT APPELLANT HAS A SERIOUS MEDICAL CONDITION, EVEN WHEN APPELLEES DID NOT SUPPLY THE NECESSARY DOCUMENTS TO APPELLANT AND WHERE THE EVIDENCE SHOWED THAT APPELLANT DID NOT KNOW THE STRICTURES AND REQUIREMENTS OF THE FAMILY AND MEDICAL LEAVE ACT.

{¶5} THE TRIAL COURT ERRED BY GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF AGE DISCRIMINATION IN THAT THERE WAS A GENUINE ISSUE OF MATERIAL FACT AND APPELLEES WERE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW."

{¶6} The trial court made findings of fact in its judgment entry. The court found appellant was an at-will employee of appellee Mercy. Appellant began working for Mercy in 1984, holding various positions within the Patient Account Department. Her final job was reimbursement specialist, where she worked from 2006 until she was terminated in 2008. Appellees Offenberger and Smith are supervisors in the Patient Account Department.

{¶7} The Patient Account Department is responsible for monitoring and collecting all Mercy's outstanding bills for health-related services and goods. Reimbursement specialists collect on the outstanding bills by monitoring and following up on pending insurance and health plan payments. The work involves making phone calls, sending letters, and reviewing and analyzing various insurance and health plan agreements between insurers and Mercy.

{¶8} The court found during her employment with Mercy, appellant was reprimanded on several occasions regarding her job performance and productivity. In August 2007, appellant went on vacation and another employee assisted with her work. The employee discovered problems in appellant's work, which she reported to appellee Smith and Offenberger. When appellant returned from vacation, Smith and Offenberger met with her, gave her a warning, and placed her on probation for a period of 90 days.

They also put a performance improvement plan in place which set specific goals for appellant to improve her productivity.

{¶9} During the meeting, appellant informed appellee Smith and Offenberger she was having some "female problems" which included on-going bleeding. Appellant informed Smith and Offenberger she was considering taking medical leave. The court found although she mentioned this, appellant never inquired about medical leave. Appellant informed Smith and Offenberger that her doctor had told her her condition was normal and would resolve itself.

{¶10} The trial court found appellant never discussed any type medical leave with her physician while she was employed with Mercy. The court found she never took any medical leave because of her condition. Appellant never missed any work or requested time off, although she had time available which she could have taken.

{¶11} In November 2007, when the 90 day probation period was over, Smith and Offenberger met with appellant to extend her probationary period another sixty days. On February 4, 2008, Smith and Offenberger evaluated appellant's performance again, and decided her productivity was still unsatisfactory. Smith then recommended to the Human Resources Vice President that appellant's employment be terminated. The court found appellant was 58 years old at the time Mercy terminated her employment. Mercy then replaced appellant with a 50 year old woman.

{¶12} Civ. R. 56 states in pertinent part:

{¶13} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

{¶14} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, *Houndshell v. American States Insurance Company* (1981), 67 Ohio St. 2d 427. The court may not resolve ambiguities in the evidence presented, *Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St. 3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law, *Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App. 3d 301. When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St. 3d 35. This means we review the matter de novo, *Doe v. Shaffer,* 90 Ohio St.3d 388, 2000-Ohio-186.

{¶15} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the

record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim, *Drescher v. Burt* (1996), 75 Ohio St. 3d 280. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. Id.

**{¶16}** Appellant's statement in compliance with Loc. App. R. 9 (A)(4) alleges five genuine issues of material fact exist, making summary judgment inappropriate: (1) whether appellant was suffering from a serious health condition which would trigger the requirements of the Family and Medical Leave Act; (2) whether appellant gave sufficient notice to appellees that she was suffering from a serious health condition which would trigger the requirements of the Family and Medical Leave Act; (3) whether appellees interfered with appellant's ability to obtain a medical certification stating she was entitled to leave under the Family and Medical Leave Act; (4) whether appellees discriminated against appellant because of her age; and (5) whether appellant's replacement was substantially younger than appellant.

**{¶17}** 29 U.S.CA Section 2612 sets out the requirements for leave under the Family and Medical Leave Act (FMLA). It provides an eligible employee shall be entitled to a total of 12 work weeks of leave during any 12 month period for certain enumerated conditions, including "(D). *** a serious health condition that makes the employee unable to perform the functions of the position of the employee."

**{¶18}** In order to substantiate her claim of interference with her application for a FMLA leave, appellant must show all of the following: (1) she was eligible for FMLA protections; (2) her employer was covered by the FMLA; (3) she was entitled to leave under the FMLA; (4) she provided sufficient notice of her intent to take leave; and (5)

her employer denied her FMLA benefits to which she was entitled. *Hoge v. Honda of America Manufacturing, Inc.* (6th Circuit 2004), 384 F. 3d 238.  Pursuant to 29 USC Sections 2615 and 2617, the FMLA provides employees with a private cause of action to recover damages if an employer interferes with the employee's exercise of FMLA rights. "Interference" means either that the employer interfered with the employee's right to take medical leave, or the employer failed to reinstate the employee to the same or equivalent position upon return to work. The employer's motivation for interfering is irrelevant.  Id.

{¶19}  The trial court found it was undisputed appellant was an eligible employee and appellees were employers.  The trial court found appellant had not come forward with evidence she provided sufficient notice to Mercy of her intent to take leave and did not present evidence Mercy denied her FMLA rights.   The trial court also found appellees did not terminate appellant's employment because of her age.

I.

{¶20}  In her first assignment of error, appellant argues the court erred in finding she had demonstrated she was suffering from a serious health condition because she provided medical evidence and personal testimony regarding her condition.

{¶21}  U.S.C. Section 2612 defines the term "serious health condition" as an illness, injury, impairment, or physical or mental condition that involves in-patient care in a hospital, hospice, or residential medical care facility, or continuing treatment by a health-care provider.  The court found there was no evidence appellant was an in-patient in a hospital, hospice, or residential medical care facility during the period from

August 2007 to February 2008. Although she did have surgery for her condition, this occurred in May, 2008, after Mercy terminated her employment.

{¶22} The term "continuing treatment by a health-care provider" is also defined in the Code of Federal Regulations, Title 29 Section 825 (B) Section 825.800:

{¶23} "(1) Incapacity and treatment. A period of incapacity of more than three consecutive, full calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves:

{¶24} "(i) Treatment two or more times, within 30 days of the first day of incapacity, unless extenuating circumstances exist, by a health care provider, by a nurse under direct supervision of a health care provider, or by a provider of health care services (e.g., physical therapist) under orders of, or on referral by, a health care provider; or

{¶25} "(ii) Treatment by a health care provider on at least one occasion, which results in a regimen of continuing treatment under the supervision of the health care provider.

{¶26} "(iii) The requirement in paragraphs (1)(i) and (ii) of this definition for treatment by a health care provider means an in-person visit to a health care provider. The first in-person treatment visit must take place within seven days of the first day of incapacity.

{¶27} ***

{¶28} "(3) Chronic conditions. Any period of incapacity or treatment for such incapacity due to a chronic serious health condition. A chronic serious health condition is one which:

**{¶29}** "(i) Requires periodic visits (defined as at least twice a year) for treatment by a health care provider, or by a nurse under direct supervision of a health care provider;

**{¶30}** "(ii) Continues over an extended period of time (including recurring episodes of a single underlying condition); and

**{¶31}** "(iii) May cause episodic rather than a continuing period of incapacity (e.g., asthma, diabetes, epilepsy, etc.).

**{¶32}** ***

**{¶33}** "(5) Conditions requiring multiple treatments. Any period of absence to receive multiple treatments (including any period of recovery therefrom) by a health care provider or by a provider of health care services under orders of, or on referral by, a health care provider, for:

**{¶34}** ***

**{¶35}** "(ii) A condition that would likely result in a period of incapacity of more than three consecutive full calendar days in the absence of medical intervention or treatment, such as cancer (chemotherapy, radiation, etc.), severe arthritis (physical therapy), kidney disease (dialysis)."

**{¶36}** "(6) Absences attributable to incapacity under paragraphs (2) or (3) of this definition qualify for FMLA leave even though the employee or the covered family member does not receive treatment from a health care provider during the absence, and even if the absence does not last more than three consecutive full calendar days."

**{¶37}** The trial court found there was no evidence appellant missed any work because of her condition, or that she was under a regimen of continuing treatment by a

health care provider.  The court noted during the time in question, appellant's physician had informed her condition was normal and the bleeding would eventually stop, and appellant informed Smith and Offenberger of this.

{¶38} Appellant alleges she did not miss any work because she scheduled her medical treatments on her days off, but when she was at work, she was impaired because of her condition and her need for pain medication. At the time of the meeting, even though her doctor had informed her her condition would resolve itself, appellant believed she would need a hysterectomy. Appellant argues she provided records under seal for the court's inspection regarding her doctor's long regimen of conservative care for her medical condition.

{¶39} We agree with appellant the trial court was incorrect when it found there was no evidence she was not under the continuing care or treatment of her physician during the time in question.   However, appellant must present evidence on all the elements of her cause of action. Because of our findings in II and III infra, we find this issue is moot.

II & III.

{¶40} In her second assignment of error appellant argues the court erred in finding she had not given appellees notice of her intent to take FMLA leave. In her third assignment of error, appellant argues the court was incorrect in finding she did not provide them with the necessary information that would cause them to believe appellant was entitled to medical leave.   The court found appellant never requested medical leave, although she did mention to Smith and Offenberger she was thinking about a

medical leave.  Appellant testified it was her own idea not to request time off during her probationary period.

**{¶41}** "[A]n employer ***has a right to be notified of the existence of the serious health condition as soon as practicable. The requirement of notice is not satisfied by the employee's merely demanding leave. He must give the employer a reason to believe that he's entitled to it. *Collins v. NTN-Bower Corp.*, 272 F.3d at 1008; *Stoops v. One Call Communications, Inc.*, 141 F.3d 309, 312-13 (7th Cir.1998); *Satterfield v. Wal-Mart Stores, Inc.*, 135 F.3d 973, 977 (5th Cir.1998)." *Aubuchon v. Knauf Fiberglass* (7th Circuit 2004), 359 F. 3d 950.

**{¶42}** Mercy requires its employees to provide certification for leave under the FMLA  29 USCA Section 2613 (a) defines "sufficient certification" as demonstrating:  the date on which the serious health condition commenced; the probable duration of the condition; the appropriate medical facts within the knowledge of the healthcare provider regarding the condition; and a statement that the employee is unable to perform the functions of the employee's position because of the condition.

**{¶43}** Appellant argues she did not know the procedure to follow and appellees did not provide her with the necessary information on how to go about qualifying for leave.   However, appellant admitted Smith and Offenberger told her to see the Employee Health Division of the Department of Human Resources to discuss leave. Appellant argues that once an employer is told of a medical condition afflicting the employee, the employer should attempt to get the necessary documents to the employee to apply for medical leave.  *Aubuchon,* supra; *Browning v. Liberty Mutual Insurance Company* (8th Circuit 1999), 178 F. 3d 1043 ["Under the FMLA, the

employer's duties are triggered when the employee provides enough information to put the employer on notice that the employee may be in need of FMLA leave. The employee need not specifically mention FMLA leave, but must state that leave is needed, and the statement should be made within one or two business days."].

{¶44} Appellant alleges in August 2007, Offenberger asked appellant if she was thinking of going on medical leave, and in response, appellant asked Offenberger whether Offenberger wanted appellant to go on medical leave. Appellant alleges Offenberger told her she did not want her to go on leave because the department was very busy at the time. Appellant argues this demonstrates Offenberger knew of her situation but did not give her the necessary information and assistance, and this is why appellant did not supply the necessary medical certification.

{¶45} However, appellant testified in her deposition her doctor would not have certified her for medical reasons in August of 2007. Appellant stresses her medical records show she was suffering from bleeding and pain at the time, and reasonable minds could differ on this issue. We do not agree. While her medical records do show she was suffering from a medical condition, appellant admitted she would not have been able to secure the necessary certification from her doctor during the time in question.

{¶46} We find while reasonable minds could differ regarding whether appellees failed to give appellant the necessary information for her to apply for leave, nevertheless, appellant stated she would not have been able to get medical certification. We conclude the trial court did not err in granting summary judgment to appellees on appellant's FMLA claim. In order to prevail, appellant had to come forward with

evidence on all five elements of her cause of action, and the evidence in the record demonstrates she could not do so.

**{¶47}** The second and third assignments of error are overruled.

IV.

**{¶48}** In her fourth assignment of error, appellant argues the trial court erred in granting appellees' motion for summary judgment on the issue of age discrimination.

**{¶49}** The trial court found appellant admitted in her deposition she had no direct evidence of age discrimination. The trial court correctly set out the elements for a prima facie case of age discrimination where there is no direct evidence of the discrimination: (1) she was a member of a statutorily protected class; (2) her employment was terminated; (3) she was qualified for the position; and (4) she was replaced by, or her firing permitted the retention of, a person of substantially younger age. R.C. 4112.14. "Substantially younger age" cannot be absolutely defined, and must be determined under the particular circumstances of the case. *Coryell v. Bank One Trust Company, N.A.,* 101 Ohio St. 3d 175, 2004-Ohio-723, 803 N.E.2d 781, syllabus by the court, paragraph 1. Trial courts are vested with the discretion to determine, based on the circumstances of the case, whether an employee is substantially younger than a protected employee. Id.

**{¶50}** The trial court found there was no dispute that appellant was a member of the statutory protected class because of her age. The court also found there is no doubt appellant was qualified for the position and Mercy terminated appellant's employment. However, the court found appellant was not replaced by a person substantially younger than herself.

**{¶51}** Appellant's replacement was eight years younger than appellant. The court found because her replacement was fifty years old, she was also a member of the protected class. Whether the replacement is a member of the protected class is not relevant. *Coryell,* supra at paragraph 19.

**{¶52}** The court found over half of the Patient Accounts Department were over the age of fifty, and during the time appellee Smith worked at Mercy, at least four other persons younger than appellant were terminated based on poor performance.

**{¶53}** The trial court found even if it assumed appellant's replacement was substantially younger than she, appellant could not prevail on her age discrimination claim. If the employee demonstrates a prima facie case for age discrimination, the burden then shifts to the employer to demonstrate a legitimate non-discriminatory basis for the employee's termination. If the employer does so, then the burden shifts back to the employee to demonstrate that the basis for the termination was pretextual. See *McDonnell Douglas Corporation v. Green* (1973), 411 U.S. 792; *Coryell,* supra, syllabus by the court, paragraph 2*.*

**{¶54}** The trial court found Mercy terminated appellant's employment for lack of productivity and poor job performance, which it found to be a legitimate non-discriminatory reason for her discharge. The court found appellant had not met her burden of producing evidence this was only a pretext for firing her, and the real motivation was discrimination.

**{¶55}** While we are not persuaded that reasonable minds could not differ on the question of whether appellant's replacement was substantially younger than she, we agree with the trial court Mercy came forward with sufficient evidence of a non-

discriminatory reason for appellant's firing, and appellant did not rebut that evidence to show the reason was only pretextual. We conclude the trial court did not err in determining appellant could not prevail on her age discrimination claim.

**{¶56}** The fourth assignment of error is overruled.

**{¶57}** For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. PATRICIA A. DELANEY

WSG:clw 0407

[Cite as *Abrigg v. Mercy Med. Ctr.*, 2011-Ohio-2112.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

JOANN ABRIGG                              :
                                          :
          Plaintiff-Appellant        :
                                          :
                                          :
-vs-                                      :       JUDGMENT ENTRY
                                          :
MERCY MEDICAL CENTER, ET AL               :
                                          :
                                          :
          Defendant-Appellee         :       CASE NO. 2010-CA-00182


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.


_____

HON. W. SCOTT GWIN


_____

HON. WILLIAM B. HOFFMAN


_____

HON. PATRICIA A. DELANEY