NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0345n.06

No. 11-3117

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

*Mar 29, 2012*

LEONARD GREEN, Clerk

EDGAR B. METZ, )
)
    Plaintiff-Appellant, )   ON APPEAL FROM THE UNITED
) STATES DISTRICT COURT FOR
v. ) THE SOUTHERN DISTRICT OF
) OHIO
TITANIUM METALS CORPORATION, d/b/a Timet, )
)
    Defendant-Appellee. )

Before: MARTIN, COOK, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Edgar Metz appeals the district court's grant of summary judgment in favor of Titanium Metals Corporation ("Timet") on Metz's age-discrimination claim under Ohio law. We affirm.

I.

Metz worked at Timet's Toronto, Ohio plant from 1985 until his termination in 2009, at age 62. Most of his annual performance reviews were positive, though he received a few negative reviews and demands for improvement from his immediate supervisor, Mike Saletta.

Metz worked as a shipping supervisor, where he was responsible for ensuring that Timet's product was shipped out effectively. From 2005 through 2008, Metz's department was shipping record volumes of product. As a result, Metz and Saletta agreed to bring in another supervisor to share the workload. Metz agreed with Saletta that Glenn Dickinson, aged 38, would be a good

choice for the position. Saletta completed the transfer, and Dickinson began training with Metz on the shipping supervisor position and with Robert Hercules on the closely related position of scrap supervisor. Hercules is older than both Dickinson and Metz.

In late 2008 and 2009, demand for Timet's product dramatically decreased. As a result, the company decided that a work-force reduction was unavoidable. A group of Timet managers then undertook to restructure the Toronto plant. They first examined the plant's salaried positions (without considering the individual employees in those positions), and determined which ones could be eliminated or combined. In this phase, the managers eliminated 17 positions and reduced the number of supervisors in Metz's department from three (Metz, Hercules, and Dickinson) to two. The managers then evaluated each of the plant's 75 salaried employees in 15 categories to determine which ones to place in the new positions. In this phase, Hercules and Dickinson both received higher evaluation scores than Metz. Timet eventually retained Hercules and Dickinson, but fired Metz.

Metz then filed this case in diversity jurisdiction, alleging that Timet had fired him because of his age, in violation of Ohio law. *See* Ohio Rev. Code § 4112.14. Timet moved for summary judgment, which the district court granted. This appeal followed.

## II.

We review de novo a district court's grant of summary judgment, viewing the evidence in the light most favorable to the non-moving party. *Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir. 2009). Ohio courts look to federal caselaw to analyze employment-discrimination claims under Ohio law. *See Coryell v. Bank One Trust Co. N.A.*, 803 N.E.2d 781, 786 (Ohio 2004). A plaintiff alleging age discrimination may prove his case through either direct or circumstantial evidence. *Davis v.*

*Goodwill Indus. of Miami Valley*, No. 23238, 2009 WL 3955999, at *6 (Ohio Ct. App. Nov. 20, 2009). In either event, the plaintiff retains the burden to show that age was the but-for cause of his termination. *Id.* (citing *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2351 n.4 (2009)).

Direct evidence is evidence that, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's action. *Geiger*, 579 F.3d at 620. Metz says that he has two pieces of direct evidence. The first is an email from Cindy Heatherington, a human resources manager at Timet, regarding Dickinson's transfer. Heatherington stated:

> [Dickinson] has been employed with us for seven-and-a-half years and has continually performed in various capacities at a high level. He is a solid performer and will bring new eyes and tools to the material movement area of the plant . . . . The two Supervisors currently in that area have been with Timet for many, many years, Hercules, 42-plus, Metz, 23-plus, and Mike Saletta is looking to bring new ideas to the area. Hercules will most likely retire within six-to-nine months. [Dickinson] is well-suited to ensuring improvement in this area.

These comments do not require the conclusion that Timet discriminated against Metz. Heatherington was describing Metz's and Hercules's tenures at Timet, which is not the same as their age. *See Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611 (1993) (an employer's consideration of an employee's years of service does not equal discrimination). Heatherington's remarks about "new eyes and tools" and "new ideas" are ambiguous and do not necessarily refer to age. *See Abnet v. Unifab Corp.*, No. 06-2010, 2009 WL 232998, at *4 (6th Cir. Feb. 3, 2009) (a supervisor's statement about the need to bring in "new blood" or a "change agent" did not show discrimination). And her mention of Hercules's plan for retirement does not show age-based animus. *See Woythal v. Tex-Tenn Corp.*, 112 F.3d 243, 247 (6th Cir. 1997) (comments on an employee's planned retirement, without more, do not show discrimination).

Second, Metz points to Saletta's statement that Dickinson was transferred "to learn the shipping department and the scrap department . . . [and] someday supervise those." But that statement does not mention Metz or anything about age. Thus, Metz's direct-evidence case fails.

We turn to Metz's circumstantial case. To prevail, Metz must first establish a prima facie case of discrimination. *Geiger*, 579 F.3d at 622. The parties disagree, however, on the prima facie showing that is necessary here. Where a plaintiff alleges discrimination in the context of a reduction-in-force, he typically faces a higher evidentiary burden. *Id.* at 623. But Metz argues that he should not be subject to this higher burden: He says that he was simply replaced by Dickinson and thus was not eliminated as part of Timet's work-force reduction. *See Barnes v. GenCorp*, 896 F.2d 1457, 1465 (6th Cir. 1990) ("An employee is not eliminated as part of a work force reduction when he or she is replaced after his or her discharge"). Metz is incorrect. The reduction decreased the number of supervisors in the scrap and shipping areas from three to two. Dickinson did not replace Metz; rather, he absorbed Metz's responsibilities (for the same type of work) in addition to his own. *See Wilson v. Ohio*, 178 F. App'x 457, 465 (6th Cir. 2006) (a "replacement" does not occur when two positions are combined into one). Metz's termination therefore occurred as part of a reduction-in-force.

Consequently, Metz must show the following to establish a prima facie case: 1) that he was a member of a protected class; 2) that he was discharged; 3) that he was qualified for the position held; and 4) "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." *Geiger*, 579 F.3d at 623.

Only the fourth requirement is disputed here. Metz says that Saletta's statement supplies the necessary additional evidence, because it shows that Timet's plan all along was to replace him with Dickinson. But Metz does not deny that Dickinson joined Metz's department at a time of record shipping volume, and that Metz supported the move. Moreover, Timet retained Hercules—who was older than Metz—after the work-force reduction. So Saletta's statement does not create a genuine issue that Timet singled out Metz because of his age.

Metz also says that the Heatherington email supports his claim. As shown above, however, nothing in that email shows an animus based upon age.

Finally, Metz says that Timet's managers deliberately deflated his ratings in the evaluation process—and inflated Dickinson's—in order to eliminate Metz. But Saletta testified that he gave Metz low scores because Metz had occasionally been disrespectful toward management, had failed to be forthcoming about problems, and had failed to resolve conflicts among employees in Metz's department. Other managers further testified that they all agreed, after discussing the matter, that Dickinson deserved the high scores that he received. That Metz and Dickinson received comparable annual performance reviews, but dramatically different ratings on the force-reduction evaluation, is not surprising: The latter compared qualified employees against each other in order to make layoffs. Metz's disagreement with Timet's assessment of his value does not show age discrimination. *See Wright v. Murray Guard, Inc.*, 455 F.3d 702, 708 (6th Cir. 2006).

Metz cannot establish a prima facie case of discrimination, so his circumstantial age-discrimination case fails.

The district court's judgment is affirmed.