[Cite as *Triplett v. Geiger*, 2014-Ohio-659.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| REBECCA TRIPLETT, ET AL. | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiffs-Appellants | Hon. W. Scott Gwin, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 13-CA-76 |
| GUY GEIGER, ET AL. | |
| Defendants-Appellees | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Fairfield County Court of
Common Pleas, Case No. 2013CV0443

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT ENTRY:     February 21, 2014

APPEARANCES:

For Plaintiffs-Appellants

MICHAEL S. MILLER
CRAIG P. SCOTT
Volkema Thomas Miller & Scott LPA
300 E. Broad Street, Suite 190
Columbus, Ohio 43215

For Defendants-Appellees

LES CHAMBERS
825 N. Houk Road, Suite 304
Delaware, Ohio 43015

*Hoffman, P.J.*

{¶1} Plaintiffs-appellants Rebecca S. Triplett and Willis Triplett appeal the October 22, 2013 Memorandum of Decision Nunc Pro Tunc entered by the Fairfield County Court of Common Pleas, which granted summary judgment in favor of defendants-appellees Guy Geiger and Lisa Geiger.

STATEMENT OF THE FACTS AND CASE

{¶2} On October 13, 2010, Appellant Rebecca Triplett was driving northbound on County Road 80 in Millersport, Fairfield County, Ohio, when her vehicle collided with a cow that had wandered onto the roadway. Appellant Rebecca Triplett sustained injuries as a result. In 2011, Appellants filed a complaint, naming Appellees as defendants. Appellants alleged Appellees were the owners and/or keepers of the cow and negligently maintained their property giving the cow access to the roadway.

{¶3} Appellees moved for summary judgment, arguing there was no evidence to establish they owned the cow Appellant Rebecca Triplett struck, and, assuming arguendo, the evidence established they did, in fact, own the cow, Appellants could not establish Appellees were negligent at the time Appellant Rebecca Triplett hit the cow. In response, Appellants offered the affidavit of Appellant Willis Triplett in which he averred he observed a culvert pipe on Appellees' property through which "cows could escape." In reply, Appellees filed the affidavit of Appellee Lisa Geiger in which she states the only pipe on the property was too small for even a calf to pass through. The trial court granted summary judgment in favor of Appellees on April 24, 2013, and ordered Appellees to prepare an entry reflecting its decision. Thereafter, Appellants voluntarily dismissed their complaint before a judgment entry was filed.

{¶4} On May 21, 2013, Appellants refiled the action. Appellees filed a second motion for summary judgment which incorporated their original motion for summary judgment as exhibit 1. Appellants proffered the second affidavit of Willis Triplett in response. Therein, Appellant Willis Triplett submitted his use of the word "pipe" in his original affidavit was inadvertent and misleading. He explained his intention was to describe a ditch or culvert through which a stream flows under Geiger Road, not the 18"– 24" drainage pipe Appellee Lisa Geiger focused on in her affidavit. Attached to the second affidavit was a photograph of Appellant Willis Triplett with his arms stretched over his head while he stands on the side of the ditch or culvert under a bridge on Geiger Road.

{¶5} Via Memorandum of Decision filed October 14, 2013, the trial court granted Appellees' motion for summary judgment. The trial court issued a Nunc Pro Tunc Memorandum of Decision as well as an Entry of Dismissal on October 22, 2013.

{¶6} It is from the trial court's decision granting summary judgment Appellants appeal, raising as error:

{¶7} "I. THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE PLAINTIFFS-APPELLANTS IN GRANTING DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT."

{¶8} This case comes to us on the accelerated calendar and is governed by App.R. 11.1, which states the following, in pertinent part:

{¶9} **"(E) Determination and judgment on appeal**

{¶10} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

{¶11} "The decision may be by judgment entry in which case it will not be published in any form."

{¶12} This case shall be decided in accordance with that rule.

## STANDARD OF REVIEW

{¶13} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶14} Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

{¶15} It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265(1986). The standard for granting summary judgment is delineated in *Dresher v. Burt,* 75 Ohio St.3d 280 at 293,

662 N.E.2d 264 (1996): " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ,* 37 Ohio St.2d 150, 309 N.E.2d 924 (1974).

I

{¶16} Herein, Appellants challenge the trial court's decision to grant summary judgment in Appellees' favor.

{¶17} Appellees moved for summary judgment on two grounds. First, Appellees maintained Appellants did not present evidence to establish Appellees owned the cow Appellant Rebecca Triplett struck with her vehicle. Appellees further argued, assuming,

arguendo, they owned the cow, Appellants did not establish Appellees were negligent at the time Appellant Rebecca Triplett hit the cow.

{¶18} Upon review of the record, we find the trial court erred in granting summary judgment in favor of Appellees.

{¶19} We address the issue of ownership first. Appellees claim there was no evidence to establish they owned the cow, pointing to their Answer to Appellants' Complaint in which they specifically denied they owned the animal as well as their Eighth Defense in which they asserted Appellants failed to join other necessary parties, "including the persons or entities which owned the calf killed by Rebecca Triplett." Appellees further contend the alleged "admission against interests" by Appellee Lisa Geiger during her deposition upon which Appellants rely should not be dispositive of the issue. Appellees note Appellants omitted Lisa Geiger's explanation of why she admitted they owned the cow, to wit: her attempt to avoid Willis Triplett's efforts to make an inflated insurance claim.

{¶20} Appellee Lisa Geiger admitted they owned the cow Appellant Rebecca Triplett struck. Lisa Geiger's subsequent qualification does not unequivocaly negate the issue of ownership. Further, Appellees removed the cow from the roadway following the accident. We find the qualification requires a credibility call which is not appropriate at the summary judgment phase and when the evidence is considered in the light most favorable to Appellants, reasonable minds could conclude Appellees were the owners of the cow.

{¶21} We now turn to the issue of negligence. Appellees contend Appellants failed come forward with any evidence to show Appellees were negligent.

{¶22} When livestock escape and do damage upon a public highway, the owner's liability is based on negligence in permitting the livestock to escape. *Reed v. Molnar* (1981), 67 Ohio St.2d 76, 21 O.O.3d 48, 423 N.E.2d 140. In order to maintain a cause of action for negligence, a plaintiff must establish: (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, and (3) that damage proximately resulted from the breach. *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614, 616.

{¶23} In Ohio, owners of cattle have a duty to exercise ordinary care in preventing their cattle from running at large on public highways. *Burnett v. Rice* (1988), 39 Ohio St.3d 44, 529 N.E.2d 203; *Molnar, supra.* The duty is statutory and is also recognized in the common law. R.C. 951.02; *Drew v. Gross* (1925), 112 Ohio St. 485, 147 N.E. 757.

{¶24} R.C. 951.02 provides:

No person, who is the owner or keeper of horses, mules, cattle, sheep, goats, swine, or geese, shall permit them to run at large in the public road, highway, street, lane, or alley.

\* \* \*

The running at large of any such animal in or upon any of the places mentioned in this section is prima-facie evidence that it is running at large in violation of this section.

{¶25} R.C. 951.02 creates a "*rebuttable presumption* that the presence of an animal upon a public road was the result of the negligence of the owner." (Emphasis added.) An owner may rebut the statutory presumption of negligence by adducing

evidence that he exercised reasonable care to prevent his livestock from escaping. *Burnett, supra.*

**{¶26}** In the instant action, there is no dispute the cow was "at large" on the roadway at the time of the accident. Thus, the predicate facts would support a rebuttable presumption of negligence under R.C. 951.02. The burden of production shifted to Appellees to rebut the presumption, i.e., to produce evidence they were not negligent because they exercised ordinary care under the circumstances. Appellees testified the cows were enclosed by a woven wire fence as well as an electric fence. Appellees maintained the fences personally, walking the line on a daily basis and inspecting for damage. Any issues with the fence were immediately addressed. This evidence rebutted the presumption of negligence raised under R.C. 951.02. However, it does not necessarily follow there is no genuine issue of fact in this case.

**{¶27}** In his Affidavits, Appellant Willis Triplett averred there was a culvert or ditch under Geiger Road which was not adequately fenced and was large enough a cow could pass through it. Appellees did not present any evidence to contradict this statement. We find this evidence when coupled with Appellants' prima facie showing of negligence is sufficient to withstand summary judgment.

**{¶28}** Appellants' sole assignment of error is sustained.

{¶29} The judgment of the Fairfield County Court of Common Pleas is reversed and the matter remanded to the trial court for further proceedings consistent with this Opinion and the law.

By: Hoffman, P.J.

Gwin, J.  and

Baldwin, J. concur