[Cite as *Sims v. Coley*, 2018-Ohio-3703.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| SHAWN SIMS | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. W. Scott Gwin, J.<br>Hon. Craig R. Baldwin, J. |
|     Plaintiff-Appellant | |
| -vs- | Case No. 18 CA 00007 |
| PAULA COLEY | |
|     Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common Pleas, Case No. 17 CV 00279


JUDGMENT:    Reversed in Part and Remanded


DATE OF JUDGMENT ENTRY:    August 13, 2018


APPEARANCES:

For Plaintiff-Appellant

JAMES E. ARNOLD
DAMION M. CLIFFORD
GERROD L. BEDE
JAMES E. ARNOLD & ASSOC., LPA
115 West Main Street, 4th Floor
Columbus, Ohio 43215

For Defendant-Appellee

JOHN A. FIOCCA, JR.
REBECCA J. JOHNSON
ROLFES HENRY CO., LPA
41 South High Street
Suite 2300
Columbus, Ohio 43215

*Wise, P. J.*

{¶1} Plaintiff-Appellant Shawn Sims appeals from the decision of the Court of Common Pleas, Licking County, which granted summary judgment in favor of Defendant-Appellee Paula Coley in a personal injury action stemming from a motorcycle/horse collision. The relevant facts leading to this appeal are as follows.

{¶2} On May 31, 2016, at about 9:20 PM, Appellant Sims was operating his motorcycle on Johnstown-Alexandria Road (S.R. 37) in Johnstown, Ohio. His friend, Nick Risolio, was operating another motorcycle immediately in front of him. Suddenly, Risolio saw passing in front of him the "dark silhouette" of what he quickly realized was a horse's tail. Risolio then noticed two other horses on or near the road. Although Risolio tried to yell a warning, appellant collided with one of the horses, Ginger, a Mustang-Tennessee Walker mix. Ginger died as a result of the collision. Appellant ended up in a ditch, suffering a broken leg and a broken wrist.

{¶3} The escaped horse, Ginger, was owned by Appellee Coley, who at the time in question owned approximately six acres of real property on Johnstown-Alexandria Road, consisting of her house, pool, and yard, as well as a barn and a three and one-half acre fenced pasture for Ginger and three other horses: Xena, Toby, and Sabona. According to appellee, following a previous escape incident in June 2015, she had reinforced the steel gate on the pasture fence, near the barn, by driving a pair of four and one-half foot tall steel fence posts, two inches in diameter, in front of the gate, about eight inches into the ground, in order to provide increased resistance against the opening of said gate. The barn gate was thus rendered inoperable, unless the stakes were to be removed. Appellee also again placed a twenty-pound rock in front of the gate she had

used before as an added measure. Nonetheless, appellee does not herein dispute that her four horses got through this steel gate near the barn on May 31, 2016 and ran onto or across the road. The aforesaid steel posts were damaged in the horses' escape, with one being twisted out of shape and one broken off.

{¶4} On March 3, 2017, Appellant Sims filed a personal injury action in the Licking County Court of Common Pleas. Discovery thereafter ensued, including appellant's deposing of Appellee Coley on July 19, 2017.

{¶5} On October 4, 2017, appellee filed a Civ.R. 56 motion for summary judgment. Appellee attached her own affidavit, executed on October 2, 0217, as further discussed *infra*.

{¶6} On October 23, 2017, appellant filed an unopposed motion for an extension of time to respond to appellee's Civ.R. 56 motion, on or before November 3, 2017.

{¶7} On November 3, 2017, appellant filed the following three motions with the trial court: (1) a "partial memorandum" in opposition to appellee's motion for summary judgment; (2) a motion to strike portions of the affidavit of appellee; and (3) a motion under Civ.R. 56(F) to take additional discovery prior to responding to appellee's motion for summary judgment.

{¶8} Contemporaneously, appellant also served appellee with written discovery requests, seeking additional information which appellant claimed was "necessary to properly respond to Defendant's summary judgment motion."

{¶9} In response, appellee filed a motion for a protective order, arguing appellant had already responded to appellee's Civ.R. 56 motion and submitted Civ. R. 56(C) evidence in opposition to that motion.

{¶10} On November 29, 2017, the trial court granted appellee's motion for a protective order.

{¶11} In December 2017, two months after appellee had filed her Civ.R. 56 motion, appellant issued subpoenas for depositions to ten of appellee's neighbors to ask them whether any had personal knowledge of any "horse escapes" from appellee's property at any time. In response, appellee filed a second motion for protective order, requesting discovery not be had until the trial court had the opportunity to rule on pending motions, including appellee's Civ.R. 56 motion. On January 9, 2018, the trial court sustained appellee's second motion for a protective order.

{¶12} On January 10, 2018, the trial court issued a judgment entry sustaining appellee's motion for summary judgment. In addition, the trial court overruled appellant's Civ. R. 56(F) motion. The trial court also sustained appellant's motion to strike paragraph 7 of Appellee Coley's affidavit of October 2, 2017, in which she proposed for the first time that the horses had "stampeded" through the barn gate. The trial court only struck the paragraph to the extent that it was intended to assert, as a matter of fact (rather than as a matter of opinion), that the horses had stampeded on May 31, 2016, since appellee had not personally observed the manner of escape, as she was inside the house at the time. The court thus overruled the motion to strike paragraph 7 of the affidavit to the extent the averment contained therein was intended by appellee as her opinion regarding the reason for the horses' escape, which she had based on her perception of the surrounding facts and circumstances, such as the condition of the pasture gate, apparent injury to the chests of two of the horses, and the behavioral history of the horses.

{¶13} On January 24, 2018, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

{¶14} "I. THE TRIAL COURT ERRED IN HOLDING THAT THERE WERE NO GENUINE ISSUES OF MATERIAL FACT IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

{¶15} "II. THE TRIAL COURT ERRED IN DENYING PLAINTIFF-APPELLANT SHAWN SIMS' MOTION TO TAKE ADDITIONAL DISCOVERY PRIOR TO FULLY RESPONDING TO DEFENDANT PAULA COLEY'S MOTION FOR SUMMARY JUDGMENT."

I.

{¶16} In his First Assignment of Error, appellant argues the trial court erred in holding that there were no genuine issues of material fact, thereby granting appellee's motion for summary judgment. We agree.

{¶17} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *See Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to

but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *."

{¶18} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.

{¶19} When livestock escape from a farm and do damage upon a public highway, the owner's liability sounds in negligence for permitting the escape. *Reed v. Molnar* (1981), 67 Ohio St.2d 76, 21 O.O.3d 48, 423 N.E.2d 140. In order to recover on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury. *Chambers v. St. Mary's School* (1998), 82 Ohio St.3d 563, 565, 697 N.E.2d 198, citing *Wellman v. E. Ohio Gas Co.* (1953), 160 Ohio St. 103, 108–109, 51 O.O. 27, 113 N.E.2d 629.

{¶20} The General Assembly has provided statutory guidance impacting the issues presently before us. Most notably, R.C. 951.02 states, in pertinent part: "No person, who is the owner or keeper of horses, mules, cattle, bison, sheep, goats, swine, llamas, alpacas, or poultry, shall permit them to run at large in the public road, highway, street, lane, or alley, or upon unenclosed land ***." Furthermore, R.C. 951.10(B) states as follows: "The running at large of any animal specified in section 951.02 of the Revised Code in or upon any of the places specified in that section is prima-facie evidence in a civil action for damages under division (A) of this section that the owner or keeper of the animal negligently permitted the animal to run at large in violation of section 951.02 of the Revised Code."

{¶21} R.C. 951.02 thus creates a rebuttable presumption that the presence of an animal upon a public road was the result of the negligence of the owner; however, such owner may rebut this statutory presumption of negligence by adducing evidence that he or she exercised reasonable care to prevent the animal from escaping. *Triplett v. Geiger*, 5th Dist. Fairfield No. 13-CA-76, 2014-Ohio-659, ¶ 25.

{¶22} We thus first turn our attention to the question of the reasonableness of appellee's arrangement of fencing and gating. In her deposition of July 19, 2017, appellee was specifically asked if she was "aware of any industry standards for enclosing horses[.]" Coley Deposition at 39. She answered: "I couldn't really speak to that." *Id.* She was also asked if she was aware of any local ordinances or state regulations regarding horse enclosures. *Id.* at 40-41. She responded in the negative. *Id.*

{¶23} However, in her subsequent affidavit in support of her motion for summary judgment, appellant averred that her fences and gates were "in excellent repair" on May

31, 2016, and then added as follows: "The fencing and gates were more than sufficient to confine the horses under normal conditions, and were constructed *in line with accepted standards of horse fencing.*" Coley Affidavit, October 2, 2017, at 4 (emphasis added). Appellee also averred, *inter alia*: "I have exercised reasonable care, and taken reasonable precautions to keep my horses confined to my property." *Id.* at 8.

{¶24} In Ohio, a moving party's contradictory affidavit cannot be used to obtain a summary judgment. *See White v. Toledo*, 6th Dist. Lucas No. L-15-1076, 2015-Ohio-3667, ¶ 11, citing *Bryd v. Smith,* 110 Ohio St.3d 24, 850 N.E.2d 47, 2006–Ohio–3455, ¶ 22 (additional citation omitted). Simply put, a summary judgment movant may not benefit from changing a deposition with a later sworn statement. *See Johnston v. Cochran*, 10th Dist. Franklin No. 06AP-1065, 2007-Ohio-4408, ¶ 18. A trial court "must consider whether the affidavit contradicts or merely supplements the deposition [testimony]." *Byrd* at ¶ 26.

{¶25} Upon review, we find appellee's affidavit was contrary to her earlier deposition on the issue of the alleged exercise of reasonable care via the utilization of standard practices in enclosing her horses. On this basis, we find summary judgment was erroneous as a matter of law under the circumstances of the instant case.

{¶26} Furthermore, as indicated in our previous recitation of the case, we note appellee was asked at her deposition: "*** [H]ow did [the horses] get out of that gate, if you know?" Coley Deposition at 42. She responded: "They broke the stakes and pushed through [the gate]." *Id.* She also clarified that at the time of the incident in question, there was no longer a latch on the gate, but that she "[she] only had the posts and the rock." *Id.* However, by the time of her October 2017 affidavit, appellee, who undisputedly had not seen the horses escape the pasture on the night of the accident, had developed a theory

that the horses had stampeded, thus breaking through the gate. Part of this was appellee's observation that Ginger and one of the other horses, Sabona, had bruising or trauma marks on their chests. Coley Affidavit at 2. She advanced this theory even though she stated that her horses had never stampeded before and that she had never seen a stampede in her years of keeping horses. *Id.* at 7-8.

{¶27} While we do not find the "stampede" testimony in appellee's affidavit directly contradicts her deposition testimony, we have emphasized that "*** affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence, or they are subject to a motion to strike. Civ.R. 56(E)." *Curtis v. Schmid*, 5th Dist. Delaware No. 07 CAE 11 0065, 2008-Ohio-5239, ¶ 17. In this instance, appellant moved to strike the paragraphs in appellee's affidavit that referenced the alleged stampede, maintaining that appellee had no personal knowledge of such a proposed occurrence. The trial court ruled that "[t]o the extent that paragraph seven asserts as a matter of fact that the horses behaved in this manner [*i.e.*, stampeded], the court disregards the statement and any other similar statements in the affidavit." Judgment Entry, January 10, 2018, at 1-2. However, the trial court then stated "[t]o the extent that [appellee] offers an opinion of what she believed happened based upon the evidence she observed, such as the condition of the gate, the injuries to the horses, and the horses' past behavior, she may offer such a statement." *Id.* at 2.

{¶28} Upon review, we additionally hold that because appellee was not presented under Evid.R. 702 as an expert sufficiently qualified to reconstruct the breaching of the gate by the horses, the granting of summary judgment in appellee's favor was in error to the extent the "stampede" theory was accepted as her opinion by the trial court.

{¶29} Appellant's First Assignment of Error is therefore sustained, and the matter will be remanded for trial.

II.

{¶30} In his Second Assignment of Error, appellant contends the trial court erred in denying his motion to take additional discovery prior to fully responding to appellee's motion for summary judgment.

{¶31} We have generally recognized that a trial court has the inherent authority to manage its own proceedings and control its own docket. *Love Properties, Inc. v. Kyles,* 5th Dist. Stark No. 2006CA00101, 2007–Ohio–1966, ¶ 37, citing *State ex rel. Nat. City Bank v. Maloney,* Mahoning App.No. 03 MA 139, 2003–Ohio–7010, ¶ 5. A decision regarding the disposition of discovery issues is reviewed under an abuse of discretion standard. *Davidson v. Ziegler Tire & Supply Co.,* 5th Dist. Stark No. 2012 CA 00165, 2013-Ohio-2655, ¶33 (additional citations omitted).

{¶32} Civ.R. 56(F) states as follows: "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

{¶33} Pursuant to Civ.R. 56(F), a party opposing summary judgment may seek a continuance to pursue further discovery in order to develop its opposition to the motion. *Polaris Ventures IV, Ltd. v. Silverman,* 5th Dist. Delaware No. 2005 CAE 11 0080, 2006-Ohio-4138, ¶14, citing *Vilardo v. Sheets,* Clermont App. No. CA2005-09-091, 2005-Ohio-3473, ¶ 29. The decision of whether to grant or deny a Civ.R. 56(F) continuance is within

the sound discretion of the trial court. *Bank of America, N.A. v. Moore,* 5th Dist. Knox No. 13CA1, 2013–Ohio–3370, ¶ 17. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

**{¶34}** It is incumbent at this point to consider our appellate jurisdiction before finalizing our review. Generally, a decision granting a defendant's motion for summary judgment as to all of the plaintiff's claims is a final appealable order. *See Tucker v. Pope,* 2nd Dist. Miami No. 2009 CA 30, 2010–Ohio–995, ¶ 25. In contrast, a trial court's discovery orders are generally interlocutory and, therefore, not immediately appealable. *Mezatasta v. Enter. Hill Farm*, 6th Dist. Erie No. E-15-037, 2016-Ohio-3371, ¶ 16.

**{¶35}** Once a final judgment is entered, all interlocutory orders are merged into the final judgment of the trial court and become appealable. *Marc Glassman, Inc. v. Fagan,* 8th Dist. Cuyahoga No. 87164, 2006–Ohio–5577, ¶ 11. But under the circumstances presented at this juncture of the present appeal, we find our decision to reverse the grant of summary judgment has returned the trial court's discovery and scheduling rulings to the status of interlocutory, non-final, orders. As such, we lack jurisdiction to further analyze appellant's arguments under the Second Assignment of Error. *See* Ohio Constitution, Article IV, Section 3(B)(2).

**{¶36}** Appellant's Second Assignment of Error is found premature.

**{¶37}** For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby reversed in part and remanded.

By: Wise, P. J.

Gwin, J., and

Baldwin, J., concur.

JWW/d 0821